722 F.2d 517
 Manuel BAKER and Betty Jean Fowler, Plaintiffs-Appellants,
v.
UNITED STATES of America, George L. Heard, Drug Enforcement
Administration, Resident Agent-In-Charge; Gary Elliott,
Special Agent, Drug Enforcement Administration; and Leonard
Luke, Special Agent, Drug Enforcement Administration,
Defendants-Appellees.
 No. 83-1957.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Dec. 15, 1983.
Decided Dec. 20, 1983.
 
 Richard McKnight, John J. Momot, Jr., Las Vegas, Nev., for plaintiffs-appellants.
 William C. Turner, Asst. U.S. Atty., Las Vegas, Nev., for defendants-appellees.
 Appeal from the United States District Court for the District of Nevada.
 Before WRIGHT, CHOY and POOLE, Circuit Judges.
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 Baker and Fowler seek damages for property forfeited by the Drug Enforcement Administration under 21 U.S.C. Secs. 841(a)(1) and 881(a)(6). They have not alleged any specific property interest in the forfeited items. Instead, they contend that the fifth amendment privilege against self-incrimination protects them from having to allege a specific property interest. Their privilege claim is based on pending criminal investigations for narcotics violations, tax evasion and welfare fraud.
 
 
 2
 The district court dismissed for lack of standing. We affirm.
 
 I. JURISDICTION
 
 3
 We have jurisdiction under the Tucker Act, 28 U.S.C. Sec. 1346(a)(2), over suits seeking damages for unlawful forfeitures. Wiren v. Eide, 542 F.2d 757, 760 (9th Cir.1976); Simons v. United States, 497 F.2d 1046, 1049-50 (9th Cir.1974).
 
 
 4
 That Act limits district court jurisdiction to claims for less than $10,000. This limit is not violated when plaintiffs combine a number of claims that are individually less than $10,000 but cumulatively exceed that amount. United States v. Louisville & N.R. Co., 221 F.2d 698, 701 (6th Cir.1955); National Treasury Employees Union v. Reagan, 509 F.Supp. 1337, 1342 (D.D.C.), remanded on other grounds, 663 F.2d 239 (D.C.Cir.1981). Cf. Zahn v. International Paper Co., 414 U.S. 291, 294, 94 S.Ct. 505, 508, 38 L.Ed.2d 511 (1973).
 
 II. STANDING
 
 5
 Standing requires that a plaintiff allege "a personal stake in the outcome of the controversy." Western Mining Council v. Watt, 643 F.2d 618, 623 (9th Cir.1981). The facts to show standing must be clearly apparent on the face of the complaint. Id. at 624. See Jenkins v. McKeithen, 395 U.S. 411, 422, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969).
 
 
 6
 To have standing to contest a forfeiture, one must be a "claimant." United States v. Fifteen Thousand Five Hundred Dollars ($15,500) in U.S. Currency, 558 F.2d 1359, 1360 (9th Cir.1977). "A 'claimant' is one who claims to own the article or merchandise or to have an interest therein." Id; United States v. One 56-Foot Yacht Named Tahuna, 702 F.2d 1276, 1279 (9th Cir.1983).
 
 
 7
 The plaintiffs are not "claimants" because they have alleged no specific property interest in the forfeited items. They assert that claiming ownership of the forfeited items might incriminate them in pending criminal investigations for tax and welfare violations. They contend that forcing them to choose between their privilege and their lawsuit makes assertion of the privilege "costly." See, e.g., Campbell v. Gerrans, 592 F.2d 1054, 1057 (9th Cir.1979) (litigant should not suffer a penalty for assertion of fifth amendment privilege).
 
 
 8
 We rejected this argument in Fifteen Thousand Five Hundred Dollars, 558 F.2d at 1360-61. The appellant there invoked the fifth amendment when asked whether she owned the currency that the government wished to forfeit. We held she had no standing to contest the forfeiture. Id. at 1361.
 
 
 9
 Fifteen Thousand Five Hundred Dollars did not specifically discuss the cases holding that the fifth amendment privilege applies in forfeiture proceedings. See United States v. U.S. Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971); United States v. U.S. Currency, 626 F.2d 11, 14 (6th Cir.), cert. denied, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 290 (1980). Nothing in these cases requires a different result.
 
 
 10
 Coin & Currency held that the fifth amendment precludes forfeitures based solely on refusal to declare as a gambler, when the claimant has invoked the privilege against self-incrimination. 401 U.S. at 722, 91 S.Ct. at 1045. Cf. Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) (prohibiting criminal conviction on same facts). It did not involve an assertion of privilege concerning ownership of the forfeited items themselves.
 
 
 11
 U.S. Currency also did not involve a refusal to claim ownership of the forfeited property. While the court recognized that the fifth amendment privilege applies in forfeiture proceedings, it carefully limited the scope of privilege to prevent undue interference with the government's enforcement of the forfeiture laws. 626 F.2d at 15-16. It cautioned, "the trial court should guard against allowing the appellees to use the 'Fifth Amendment shield as a sword.' " Id. at 16. (Quoting Wehling v. Columbia Broadcasting System, 608 F.2d 1084, 1087 (5th Cir.1979)). See also, Lyons v. Johnson, 415 F.2d 540 (9th Cir.), cert. denied, 397 U.S. 1027, 90 S.Ct. 1273, 25 L.Ed.2d 538 (1969).
 
 
 12
 The fifth amendment does not prevent us from demanding more than conclusory or hearsay allegations of some "interest" in the forfeited property. Fifteen Thousand Five Hundred Dollars, 558 F.2d at 1361; United States v. U.S. Currency Amounting to Sum of $30,800.00, 555 F.Supp. 280, 283 & n. 3 (E.D.N.Y.1983). The danger of false claims in these proceedings is substantial. See United States v. $364,960.00 in U.S. Currency, 661 F.2d 319, 326-27 (5th Cir.1981). We require claimants to allege and prove a valid property interest in the forfeited items.
 
 
 13
 The privilege claim is even weaker here because it is asserted in a civil action, rather than by claimants in a forfeiture proceeding. The latter have some similarities to criminal prosecutions. Coin & Currency, 401 U.S. at 718, 91 S.Ct. at 1043. See also U.S. Currency, 626 F.2d at 15. A civil suit has none of these quasi-criminal overtones.
 
 
 14
 AFFIRMED.