738 F.2d 1043
 39 Fed.R.Serv.2d 939
 UNITED STATES of America, Plaintiff-Appellee,
v.
1982 SANGER 24' SPECTRA BOAT, SERIAL # SANSP69ZM82,
R5-83-0015, VALUE APPROXIMATELY $28,000.00, AND
ATTACHED TRAILER, NEVADA LICENSE #
T61942, Defendant-Appellant,
and
Manuel Baker and Betty Jean Fowler, Claimants/Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
1980 LINCOLN CONTINENTAL, MAROON IN COLOR WITH VINYL TOP,
NEVADA LICENSE # TBZ817, ID # OY89G608148,
Defendant-Appellant,
and
Manuel Baker and Betty Jean Fowler, Claimants/Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
1982 EXCALIBUR, VIN # 1XAPF4317CM827758, Defendant-Appellant,
and
Manuel Baker and Betty Jean Fowler, Claimants/Appellants.
 Nos. 83-1810 to 83-1812.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 11, 1983.
Decided July 25, 1984.
 
 William C. Turner, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.
 John J. Momot, Las Vegas, Nev., for defendants-appellants.
 Appeal from the United States District Court for the District of Nevada.
 Before WALLACE, SCHROEDER and FERGUSON, Circuit Judges.
 FERGUSON, Circuit Judge:
 
 
 1
 The claimants' motions for rehearing in these three cases are granted. The memorandum disposition filed on December 23, 1983 is vacated. Pursuant to that disposition this panel sua sponte determined that it lacked jurisdiction over the appeal. The panel was in error. We now determine that this court does have jurisdiction and that the district court committed reversible error in dismissing the claims as it did.
 
 FACTS
 
 2
 On February 17, 1983 the United States filed complaints for forfeiture against (1) a 1982 Sanger 24-foot Spectra boat, (2) a 1980 Lincoln Continental, and (3) a 1982 Excalibur. The forfeitures were sought pursuant to 21 U.S.C. Secs. 841(a)(1) and 881(a)(6), which subject the proceeds of narcotics purchases or sales to seizure and forfeiture by the Drug Enforcement Administration.
 
 
 3
 Claimants of the property, Manuel Baker and Betty Jean Fowler, answered the complaints for forfeiture on March 3, 1983. The claimants declined to make any statements regarding ownership interests in the property on the grounds that such statements might tend to incriminate them with respect to criminal charges presently pending against them and to a pending Internal Revenue Service criminal investigation. In their verified claims filed concurrently with their answer to the complaint, the claimants similarly declined, on fifth amendment grounds, to make any statement regarding ownership interests in the seized property.
 
 
 4
 On March 18, 1983, the government moved to strike the answers and the claims on the ground that the claimants had no standing because they did not assert any ownership interest in the properties. On the same day, without allowing the claimants to respond to the government's motion to strike and without notice of its action, the district court granted the motion and struck the answers and claims. The court entered an order on March 18, 1983 that the properties be forfeited to the United States. The claimants filed notices of appeal that same day.
 
 
 5
 However, on March 23, 1983, the claimants filed notices "for rehearing and stay of execution, condemnation and forfeiture." On April 6, 1983, after the government filed a response, the court dismissed the claimants' motion. The court also ordered that its previous order granting judgment in favor of the government be stayed pending disposition of the claimants' appeal. The court ordered the United States Marshal to maintain care, custody and control of the property pending disposition of the appeal and not to release the property to any agency of the government without an order of the court.
 
 
 6
 The claimants did not appeal from that order.
 
 
 7
 When this panel heard the appeal, the government did not contend that an effective notice of appeal had not been filed. However this panel held sua sponte that the motion filed after the notices of appeal was a motion under Fed.R.Civ.P. 59(e) to alter or amend the judgment, although not treated as such. Pursuant to Fed.R.App.P. 4(a)(4), when a party makes a Rule 59 motion, a notice of appeal filed before the disposition of such motion shall have no effect and therefore this court lacked jurisdiction to act. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). Unlike a Rule 59(e) motion, a Rule 60 motion does not affect the validity of a previously filed notice of appeal. See Fed.R.App.P. 4(a)(4); Fed.R.Civ.P. 60; Miller v. Transamerican Press, Inc., 709 F.2d 524, 527 (9th Cir.1983).
 
 
 8
 We now hold that we erred in finding that the claimants' motion was filed pursuant to Rule 59. The claimants' petitions for rehearing and the government's response thereto convince us that the motion should have been considered as a motion made pursuant to Fed.R.Civ.P. 60, Relief from Judgment or Order. The district court, when it denied the motion, apparently treated it as a Rule 60 motion by assuming that the notice of appeal was still valid and by ordering the United States Marshal to maintain custody of the property until the appeal was decided.[1] Moreover, the government, by raising no challenge to our jurisdiction, demonstrated its belief that the motion was a Rule 60 motion and that this court had jurisdiction over the appeal.
 
 
 9
 The moving party's label for its motion is not controlling. Rather, the court will construe it, however styled, to be the type proper for relief requested. Miller, 709 F.2d at 527. The claimants argue that their postjudgment motion is properly characterized as a Rule 60 motion because it challenged the validity of the judgment on the ground that the court failed to provide notice. Prior to entering judgment, the court struck the answers and claims without notice, without permitting the claimants to reply to the government's motions, and without allowing them an opportunity to amend their complaint. Rule 60(b) provides that a court may relieve a party from a final judgment when "(4) the judgment is void: ... or (6) [for] any other reason justifying relief from the operation of the judgment." We must therefore determine whether the district court, in striking the answers and claims without permitting the claimants to reply to the government's motion, committed an act upon which a Rule 60(b) motion can be based. The district court in granting the government's motion to strike the answers and claims acted contrary to Rule 16(c) of the Rules of Practice of the United States Court for the District of Nevada, which provides as follows:
 
 Responsive Memorandum
 
 10
 An opposing party, unless otherwise ordered by the court, shall have fifteen days after service of the moving party's points and authorities within which to serve and file a memorandum of points and authorities in opposition to the motion.
 
 
 11
 Rule 16(c) allows for exemptions as "ordered by the court." However we find no reason in the record for the court's failure to follow its own rule.
 
 
 12
 Although failure to follow a local rule may not rise to the level of a due process violation, nonetheless when the effect is conclusively to dispose of a claim, failure to provide notice is a serious procedural irregularity which in this case justifies relief from the judgment under Rule 60(b). See e.g., Dredge Corp. v. Penny, 338 F.2d 456, 462 & n. 14 (9th Cir.1964). In Dredge Corp. this court held that a district court committed reversible error when it followed a local rule that allowed the court to preclude a party from requesting oral argument on a motion for summary judgment or to deny such a request by a party opposing the motion. The motion to strike and the forfeiture order in this case were as dispositive of the appellants' claim as the summary judgment was in Dredge Corp. Likewise, in the context of entry of a default judgment, this court has stated that the failure to provide required notice is "a serious procedural irregularity that usually justifies setting aside a default judgment." Wilson v. Moore & Assoc., Inc., 564 F.2d 366, 369 (9th Cir.1977). We hold that dismissing the claim without notice and without allowing the claimants an opportunity to amend constitutes extraordinary circumstances entitling the claimants to relief from judgment.
 
 
 13
 We now examine whether allowing amendment of the claim would have been a futile act. The district court issued its order to strike the answers and claims and declare the properties forfeited solely because the claimants failed to allege ownership of the property and therefore lacked standing.
 
 
 14
 The court was in error if the basis for its ruling was that only the owner of property may be a claimant. In United States v. Fifteen Thousand Five Hundred Dollars ($15,500) in U.S. Currency, 558 F.2d 1359, 1360 (9th Cir.1977) we held that "[a] 'claimant' is one who claims to own the article or merchandise or to have an interest therein." In United States v. Jacobsen, --- U.S. ----, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984), the Court stated that under the fourth amendment a seizure of property occurs "when there is some meaningful interference with an individual's possessory interest in that property." Id. at 1656. It is not necessary therefore that a claimant under the forfeiture statute allege ownership. A lesser property interest such as possession creates standing. The claimants should be permitted to amend their answers and claims to allege the specific property interest they have in the properties.
 
 
 15
 The remaining contentions of the claimants are answered in the companion case of Baker v. United States, 722 F.2d 517 (9th Cir.1983). The fifth amendment does not prevent us from demanding that the claimants allege a specific property interest in the forfeited property.
 
 
 16
 REVERSED AND REMANDED.
 
 WALLACE, Circuit Judge, dissenting:
 
 17
 The question before us is a close one--but it is close primarily because of the failure of claimants to identify before the district court the grounds of their request for relief. Of course one could argue, properly I suggest, that it would have been better for the district court to follow its own local rules. Nevertheless, the issue before us is one of jurisdiction and I cannot agree with the majority that the motions for rehearing made at trial may be construed properly as motions under Federal Rule of Civil Procedure 60(b)(4) or (6). Therefore, I dissent.
 
 
 18
 The United States sought forfeiture of two cars and a boat linked to narcotics activity. The provisions of 21 U.S.C. Sec. 881(b) and (d) require application of the Supplemental Rules for Certain Admiralty and Maritime Claims (Supplemental Rules) and the procedures for enforcement of customs claims, see, e.g., 19 U.S.C. Secs. 1608, 1615, to such forfeitures. See also Fed.R.Civ.P. 81, notes of advisory committee on 1966 amendments ("Statutory proceedings to forfeit property for violation of the laws of the United States ... will be governed by the ... supplemental rules.). In turn, the Supplemental Rules make the Federal Rules of Civil Procedure applicable. See Supp.R. for Certain Admiralty and Maritime Claims A.
 
 
 19
 Although this creates an unduly complex procedural framework, certain things are immediately clear. First, forfeitures under the narcotics laws are civil proceedings. See, e.g., United States v. One 1970 Pontiac GTO, 2-Door Hardtop, 529 F.2d 65, 66 (9th Cir.1976) (Pontiac GTO ); see generally Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 680-90, 94 S.Ct. 2080, 2090-95, 40 L.Ed.2d 452 (1974). Second, these forfeitures proceed in rem and any person seeking to participate in the forfeiture action must first file a claim stating an interest in the property. See, e.g., 19 U.S.C. Sec. 1608; Supp.R. for Certain Admiralty and Maritime Claims C(6). Third, once a person alleges an interest entitling him to participate in the proceedings as a claimant, he bears the burden of proof despite his role, by way of an answer to the complaint of forfeiture, as the responsive pleader. See 19 U.S.C. Sec. 1615; Supp.R. for Certain Admiralty and Maritime Claims C(6); see also, e.g., Pontiac GTO, 529 F.2d at 66 (upholding constitutionality of the allocation of the burden of proof).
 
 
 20
 In this case, the United States filed complaints on February 8 and 17, 1983, and issued notices of the proposed forfeitures on February 10 and 22. The claimants filed claims in each case within twenty days, compare 19 U.S.C. Sec. 1608 (twenty days) with Supp.R. for Certain Admiralty and Maritime Claims C(6) (ten days), but did not allege any interest in the property subject to forfeiture. They also failed to allege any interest in the property in their answers to the complaints for forfeiture. More than twenty-three days after the notices of proposed forfeiture, the United States moved to strike the claims and answers. The district court granted the motions without notice to the claimants, and then entered judgments of forfeiture against the property.
 
 
 21
 The claimants filed notices of appeal the same day the district court entered judgments. Our task would have been simple had counsel for the claimants filed motions specifically arguing for relief pursuant to rule 60(b). The motions, however, were for "Rehearing and Stay of Execution, Condemnation and Forfeiture." In these motions, the claimants did not rely on any civil practice, rule, or statute. Instead, in the section titled "Jurisdiction," they argued "[t]he District Court has plenary power within the time allotted for the taking of an appeal to modify its judgment for error of fact or law or to revoke it altogether. United States v. Jones, 608 F.2d 386, 390 (9th Cir.1979)." They did not request permission to amend their claims or answers--relief the majority now allows. They requested that the district court "rescind its order ... reinstate movants' answer and verified claim, and ... allow movants to be heard in opposition to the Government's motion to strike." The district court denied the motions for rehearing, and the claimants purported to proceed with their appeals. They did not include the denial of their motions as grounds for appeal. Thus, that question is not properly before us.
 
 
 22
 Because the forfeitures were civil actions, the claimants seriously erred by relying on United States v. Jones, 608 F.2d 386 (9th Cir.1979) (Jones ), a criminal case. I disagree with the majority's argument that the government treated the claimant's motions for rehearing as motions under Federal Rule of Civil Procedure 60(b). Instead, the government, also citing nothing but Jones, treated them as criminal motions. There is no basis, therefore, for the majority to argue that the government thought they were rule 60(b) motions and for that reason, we had jurisdiction. Nor does the record bear out the majority's argument that the district court treated the claimant's motions for rehearing as motions under Federal Rule of Civil Procedure 60(b). Instead, the district court's actions fit the pattern of the only rationale presented it for handling the motions, the criminal motion rationale of Jones.
 
 
 23
 So the district court and the parties labored under the false assumption that the motions for rehearing sounded in criminal procedure. In addition, the procedural posture and legal arguments of the claimant's motions for rehearing weigh against interpreting them as motions under rule 60(b). The majority correctly observes, however, that we will construe a merely mislabeled motion as "the type proper for relief requested." Miller v. Transamerican Press, Inc., 709 F.2d 524, 527 (9th Cir.1983) (Miller ). But the relief they requested does not seem particularly aimed at or limited to relief under rule 60(b). In their petition for rehearing before us, the claimants argue they intended to use rule 60(b)(4) or (6) to set aside default judgments entered against them. Yet nowhere in their motions for rehearing before the district court did they argue the judgments of forfeiture were void, see, e.g., Fed.R.Civ.P. 60(b)(4), or that extraordinary circumstances favoring relief existed, see Fed.R.Civ.P. 60(b)(6); see also Ackermann v. United States, 340 U.S. 193, 199, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950). Instead, the claimants simply reargued the patently frivolous fifth amendment point first raised in their claims and answers, cf. Baker v. United States, 722 F.2d 517, 518-19 (9th Cir.1983) (rejecting same claim by these claimants), and asked the district court to hear them defend those claims and answers against the government's motions to strike. This sounds at least as much like a request for new trial or alteration or amendment of the judgment under rule 59 as a request for relief from judgment under rule 60. See Miller, 709 F.2d at 527 (rule 59(e) covers a "substantive change of mind by the court."). In a somewhat similar situation, see Stephenson v. Calpine Conifers II, Ltd., 652 F.2d 808, 811-12 (9th Cir.1981), we interpreted a confusingly labeled motion for relief as a motion under rule 59(e), not rule 60(b). See also Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983) ("motion for reconsideration" a motion under rule 59(e)); Walker v. Bank of America National Trust and Savings Association, 268 F.2d 16, 19 n. 1, 20 (9th Cir.) ("motion to correct memorandum and order of dismissal" a motion under rule 59(e)), cert. denied, 361 U.S. 903, 80 S.Ct. 211, 4 L.Ed.2d 158 (1959). Because the claimants did not allege they suffered under void judgments or extraordinary circumstances, it seems their request for relief invoked rule 59 more than rule 60.
 
 
 24
 Some question exists whether the claimants even could have moved under rule 60(b) in these cases. To the extent they sought relief from judgment rather than a new hearing or amendment of judgment, it can be argued that the mechanism of 19 U.S.C. Sec. 1618 for administrative relief from forfeitures largely takes the place of rule 60(b). See United States v. Andrade, 181 F.2d 42, 46 (9th Cir.1950). Because the district court had retained control of the property after judgment, section 1618 did not absolutely bar any further action, but a question arises whether its place in the forfeiture scheme appears to discourage the normal use of rule 60(b) relief. The district court in United States v. One 1941 Chrysler Sedan Automobile Motor No. C28-17313, 46 F.Supp. 897, 898 (E.D.Ky.1942), stated: "It seems quite apparent from the wording of this rule [60(b) ] that it was not designed to apply to proceedings 'in rem' for by its terms it affords relief only to 'a party' from a judgment taken against 'him.' " In part for this reason, it has been said that "Rule 60(b) is generally held to be inapplicable to forfeiture proceedings." United States v. One 1970 Buick Electra 225, 57 F.R.D. 185, 188 (N.D.Ohio 1972).
 
 
 25
 The reasons above persuade me that we should interpret the claimants' motions for rehearing as motions under rule 59. Because a "notice of appeal filed before disposition of [such] motions shall have no effect," Fed.R.App.P. 4(a)(4); see Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982), we lack jurisdiction of the claimants' appeals.
 
 
 26
 Because I conclude we are without jurisdiction, I would not pass on the merits, though I am tempted to discuss that a reversal may only be grounded upon the merits--not on the denial of claimants' motions from which they did not appeal. Because the claimants never attempted to amend their claims or answers and they are patently frivolous on their face, see Baker v. United States, 722 F.2d at 518-19, I am tempted to but choose not to raise the question of harmless error latent in the claimants' failure to allege any interest, not just ownership, in the cars and boat. I conclude that the claimants' motions for rehearing before the district court invoked rule 59, leaving them without valid notices of appeal to this court. Because they did not file new notices of appeal after the denial of their motions, we lack jurisdiction. I would dismiss the appeals.
 
 
 
 [1]
 A question remains whether the district court had jurisdiction to rule on the Rule 60 motion after a notice of appeal had been filed. Compare Miller, 709 F.2d at 527 (court affirmed district court's denial of Rule 60(b) motion filed after the notice of appeal without questioning district court's jurisdiction to hear that motion) with Killeen v. Travelers Ins. Co., 721 F.2d 87, 90 n. 7 (3rd Cir.1983) (notice of appeal divested the district court of jurisdiction, and therefore the district court could not properly decide the Rule 60(b) motion). We do not need to decide this question, however. If the district court had jurisdiction, it abused its discretion in denying the motion; if it lacked jurisdiction, its decision is without effect. We reverse the underlying judgment on the basis of the property interest issue raised on appeal