**UNITED STATES of America, Plaintiff,**

**v.**

**UNITED STATES CURRENCY AND COIN: $558,110.00, Defendant.**

**No. C 3–84–948.**

United States District Court,
S.D. Ohio, W.D.

Aug. 8, 1985.

**518**

Robert C. Brichler, Asst. U.S. Atty., Cincinnati, Ohio, for plaintiff.

Jeffrey E. Froelich, Dayton, Ohio, for intervenor, Robert Layman.

Martin S. Pinales, Cincinnati, Ohio, Stanley Z. Greenberg, Dayton, Ohio, for defendant, William E. Stepp.

Lawrence T. Burick, Dayton, Ohio, for intervenor, J.B. Payne.

DECISION AND ENTRY SUSTAINING IN PART AND CONDITIONALLY OVERRULING IN PART PLAINTIFF'S MOTIONS TO STRIKE PLEADINGS OF CLAIMANTS AND TO DISMISS CLAIMANTS AS A PARTIES; FURTHER PROCEDURES ORDERED

RICE, District Judge.

In this civil forfeiture action, the United States Government seeks a Court order decreeing the forfeiture of $558,110 which was seized from the residence of William Elias Stepp (Stepp), during the course of a criminal investigation, pursuant to a search warrant, on March 22, 1984.

Pursuant to notice as required by law, three persons have filed a claim for the money in the form of an answer to the Government's Complaint and/or an intervening complaint, to wit:

(1) J.B. Payne, whose motion to intervene in this action (Doc. # 7) was sustained by the Court (Doc. # 16), and who has filed an answer and crossclaim (Doc. # 19) as a judgment creditor of Stepp from whose premises the money was seized. Payne seeks an order of this Court directing an amount of the money seized paid to him sufficient to satisfy his judgment against Stepp.

(2) William Elias Stepp, who filed his answer (Doc. # 8), denying any criminal implication concerning his possession of the money seized from his premises, who seeks an order of the Court, after hearing upon the merits, dismissing the Government's complaint for forfeiture and returning the money to him. Stepp sets up his right to possession of the money seized.

(3) Robert Layman, whose motion to intervene in this action (Doc. # 9), was sustained by the Court (Doc. # 10) and whose intervening complaint (Doc. # 11) alleges that he has an interest in the money as a judgment creditor of Stepp. Layman prays for an order of this Court awarding him the amount he seeks sufficient to satisfy that judgment.

The Plaintiff has filed the following, in response to these claims asserting an interest in the money seized:

(1) With reference to the claims of Payne and Layman, the Government has filed a motion to strike Payne's answer and crossclaim and to dismiss him as a party (Doc. # 22) and a motion to strike Layman's complaint and to dismiss him as a party (Doc. # 23). Each of said motions sets forth the grounds that said Claimants had failed to file a proper claim within the meaning of the applicable law and, additionally, that Payne and Layman, as judgment creditors of Stepp, lacked standing to assert a claim in this civil forfeiture action. It is the Government's contention that only the owner of the property in question, (as opposed to judgment creditors of the owner) have standing under the law to challenge the forfeiture of money or property allegedly

used in violation of federal law. The Government further contends that one with merely an equitable interest in the property (such as a judgment creditor) must apply either to the Secretary of the Treasury or the Attorney General of the United States (depending upon the statute used to seek forfeiture of the property) for remission of the penalty, because a lienholder is not entitled to intervene (or to set up a claim) for remission or mitigation in judicial proceedings.

(2) With reference to the claim of Stepp, the Government has moved to strike his answer and to dismiss him as a party (Doc. # 24), contending that he has failed to file a proper claim as required by law. In addition, the Government alleges that he lacks standing to assert a claim in this civil forfeiture action, because only owners of the res have standing to challenge its forfeiture and Stepp has failed to either allege or to demonstrate a specific property interest in the seized property. Further, the Government contends that, although he might have a fifth amendment right not to state the nature of his interest, such a claim cannot prevent the Court from ordering that the Claimant allege a specific property interest in the fugitive property, or risk its forfeiture. *United States v. Sanger 24' Spectra Boat*, 738 F.2d 1043, 1047 (9th Cir.1984).

The motions of the Plaintiff are well taken in part and not well taken in part and same are, therefore, sustained in part and overruled in part, pursuant to the following non-exclusive observations:

(1) None of the "Claimants" has filed a proper claim stating an interest in the property as is required by the applicable law.

The provisions of 21 U.S.C. § 881(b) and (d) require application of the Supplemental Rules for Certain Admiralty and Maritime Claims (Supplemental Rules) and the procedures for enforcement of customs claims to such forfeitures. *See, e.g.,* 19 U.S.C. §§ 1608, 1615. Any person seeking to participate in the forfeiture action must first file a claim stating an interest in the property, pursuant to 19 U.S.C. § 1608 and the supplemental rules for certain Admiralty and Maritime claims, Rule C(6). 19 U.S.C. § 1608 requires the filing of a claim within twenty days from the date of the first publication of the notice of seizure (in the captioned cause, the filing of the complaint). Supplemental Rule C(6) requires, in pertinent part:

> The claim shall be verified on oath or solemn affirmation; and shall state the interest in the property by virtue of which the Claimant demands its restitution and the right to defend the action. If a claim is made on behalf of the person entitled to possession by an agent, bailor, or attorney, it shall state that he is duly authorized to make the claim.

Although each of the Claimants' responsive pleadings was filed with this Court within the twenty day period of time set forth in 19 U.S.C. § 1608, none of the pleadings sets forth a claim as required by statute and the Supplemental Rules. For example, none of the "claims" was verified on oath or affirmation, and although said claims were filed by the Claimants' attorneys, none of said "claims" stated that the attorney was duly authorized to make the claim. However, this and other shortcomings in the "claims" could have been and, perhaps, can yet be cured with an amendment. *United States v. 1982 Sanger 24' Spectra Boat, supra.*

(2) Since the filing of such a claim is a jurisdictional prerequisite not only to the Claimants being allowed to participate in the forfeiture action, but also to their being allowed to contest probable cause for the seizure and, if necessary, to assert his/their claim, it is clear that none of the three "Claimants" is a proper party to this litigation, at this time; nor will they ever be such proper parties, unless this Court were to allow an amendment to his/their claim, and unless such an amended claim set forth the type of claim recognized by law in forfeiture proceedings. In *this* litigation, the Court will not allow an amendment, as to the claims of the Intervenors Layman and Payne, since such an amendment would be futile. A court will not allow an amendment to a "claim" unless a claimant can assert that type of interest in the property sought to be forfeited that is

recognized by law. As will be discussed, *infra,* the Court will allow an amendment to the "claim" of Stepp.

(3) Although the Claimants are correct that the question of standing does not ordinarily arise until such time, if ever, as the Government has proven probable cause for the seizure (19 U.S.C. § 1615), such a rule does not prevent this Court from reviewing the sufficiency of a Claimant's claim, in the light of the relevant statutes. Upon motion of the Plaintiff, the Court has reviewed the sufficiency of said claims and has found them wanting, at present.

■ (4) Claimant Stepp has not asserted an interest in the currency. To the extent that Claimant seeks to rely on the fifth amendment to state an interest in the currency, same is not sufficient. Although the fifth amendment is applicable to forfeiture proceedings, *United States v. United States Coin and Currency,* 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971); *United States v. U.S. Currency,* 626 F.2d 11 (6th Cir.1980), the fifth amendment does not shield a claimant from the requirement that he or she establish standing to challenge the forfeiture by alleging and proving a valid property interest in the seized property. *See, e.g., Baker v. United States,* 722 F.2d 517 (9th Cir.1983); *United States v. 1982 Sanger 24' Spectra Boat, supra.*

■ However, the Court is not convinced that Claimant Stepp does *nothing more* than erect a fifth amendment shield to protect him from the requirement that he state what interest he has in the currency. For instance, in its libel (Doc. # 1), the Plaintiff alleges that the currency which is the subject of this forfeiture action was seized from Stepp's residence. Stepp admits this fact.[1] *See* Doc. # 8. Furthermore, in his memorandum in opposition to Plaintiff's motion to strike (Doc. # 29), Stepp requests that the Court allow him an opportunity to amend his answer if the Court concludes that he must make a declaration of ownership. Under these circumstances, this Court cannot say that an amended claim by Stepp would be futile. Therefore, the Court conditionally overrules the Plaintiff's motion to strike Stepp's answer, and the Court will allow the filing of an amended claim by Stepp. Such an amended claim must be filed within twenty (20) days of the entry of this Decision and must conform to Supplemental Rule C(6), be verified and set forth the interest Stepp has in the currency. In the event that such an amended claim is not filed within twenty days, the Court will sustain Plaintiff's motion to strike Stepp's answer and order same stricken.

(5) For reasons that follow, the Court concludes that allowing Intervenors Payne and Layman to amend their claims, by verifying same under oath, would be futile, because they have not asserted a sufficiently protectable interest in the currency to establish standing to challenge its forfeiture.

In *United States v. Five Hundred Thousand Dollars,* 730 F.2d 1437 (11th Cir. 1984), the court restated the familiar test for courts to employ in ascertaining whether a person has standing to challenge a forfeiture.

> "[A] party seeking to challenge the government's forfeiture of money or

---

1. Parenthetically, the assertion that Stepp was the owner of the property from where the currency was seized is not sufficient in and of itself to give him standing to challenge the forfeiture of the currency. *United States v. United States Currency Amounting to the Sum of Thirty Thousand Eight Hundred Dollars ($30,800.00),* 555 F.Supp. 280 (E.D.N.Y.), *aff'd,* 742 F.2d 1444 (2d Cir.1983) *("United States v. $30,800.00"). See also, United States v. Fifteen Thousand Five Hundred Dollars,* 558 F.2d 1359 (9th Cir.1977) (Owner of a safety deposit box, from which currency was seized, does not have standing to challenge forfeiture of currency absent a claim of an ownership or possessory interest in the seized currency.). In *United States v. $30,800.00, supra,* the Court held that a person from whose apartment certain currency was seized did not have standing to challenge the forfeiture merely because of his status as "owner" of the apartment. This Court concurs with the statement of the Ninth Circuit in *United States v. Fifteen Thousand Five Hundred Dollars,* that in order to have standing to challenge a forfeiture, " [i]t is not sufficient to have claimed merely an interest in the premises in which the contraband was found." 558 F.2d at 1361.

property used in violation of federal law must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture." *United States v. $364,960.00 in U.S. Currency,* 661 F.2d 319, 326 (5th Cir. Unit B 1981); *see also, United States v. Currency Totaling $48,318.08,* 609 F.2d 210, 213–14 (5th Cir.1980). One must claim an ownership or possessory interest in the property seized. *United States v. $15,500.00,* 558 F.2d 1359, 1361 (9th Cir.1977). The burden of establishing standing in forfeiture proceedings is on the claimant. *See United States v. $364,960.00 in U.S. Currency,* 661 F.2d at 326.

730 F.2d at 1439 (footnote omitted). *See also, United States v. 1982 Sanger 24' Spectra Boat, supra* (lesser property interest than ownership, such as possession can create standing); *United States v. One 1945 Douglas C-54 Aircraft,* 647 F.2d 864 (8th Cir.1981), *cert. denied,* 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 294 (1982).

In *United States v. Five Hundred Thousand Dollars,* the court held that one Fernandez, who assertedly paid out $900,000 in pesos on representations that certain certified checks had been paid to his account, did not have standing to challenge the forfeiture of the funds which were to be used to pay the certified checks. The court reasoned that Fernandez did not have a sufficient interest in the funds to satisfy the requirement because he alleged neither an ownership, nor a possessory interest in either the funds or the certified checks. 730 F.2d at 1438–39. In *United States v. One 1945 Douglas C-54 Aircraft,* the court concluded that placing title to an airplane in one person's name did *not* give that person an ownership interest so as to support standing when the actual incidents of ownership, dominion and control over the airplane, were exercised by another. 647 F.2d at 866–67.

■ Conflicting private interests in property in non-diversity actions are to be determined by state law, even where the United States is a party. *Wallis v. PanAmerican Petroleum Corporation,* 384 U.S. 63, 86 S.Ct. 1301, 16 L.Ed.2d 369 (1966); *United States v. Yazell,* 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966). Under Ohio law, the rights of judgment creditors are set forth in Ohio Revised Code Chapters 2327, 2329, 2331 and 2333. Under Ohio law, a judgment creditor has the right to enforce his judgment through the attachment and sale of both the real and personal property of the judgment debtor. The judgment creditor is entitled to conduct various proceedings in aid of execution (debtor's examination, attachment, garnishment, et cetera) and to challenge any conveyance made by the judgment debtor of the property which is subject to the certificate of judgment filed with the County Recorder's Office.

■ In short, under Ohio law, judgment creditors have many rights regarding a judgment debtor's property. Nonetheless, the Court does not consider the combination of all of these rights to be sufficient to give standing to these Intervenors. They have neither ownership nor a possessory interest in the currency. They have no more than a right to take advantage of certain state procedures in order to execute against any part or all of Claimant Stepp's property. In this Court's opinion, a person must have a specific interest in the actual property seized, such as a mortgage or recorded security agreement, in order to have standing to challenge the forfeiture. The general equitable lien of the judgment creditor is not such an interest.[2]

■ Notwithstanding the foregoing, Intervenors Payne and Layman are not without a remedy merely because this Court has concluded that they do not have standing to challenge the forfeiture of the currency in question. The Intervenors may apply to the Attorney General, under 19 U.S.C. § 1618, for remission of the seized currency. *See* 21 U.S.C. § 881(d). *See also, United States v. One 1976 Porsche 911S,* 670 F.2d 810, 813 (9th Cir.1979).

2. In *United States v. One 1961 Cadillac Hardtop Automobile,* 207 F.Supp. 693 (E.D.Tenn.1962), the court allowed intervention by a corporate entity that had a lien on the automobile which was the subject of the forfeiture action therein, concluding "the right to intervene in a judicial

However, this Court has no power to grant remission. *United States v. One 1961 Cadillac*, 337 F.2d 730 (6th Cir.1964). Moreover, the Attorney General may exercise broad discretion in determining whether to remit a forfeiture which is unreviewable by any court. *See, e.g., United States v. One 1979 Oldsmobile-Cutlass Supreme*, 589 F.Supp. 477 (N.D.Ga.1984); *Devito v. United States Dept. of Justice*, 520 F.Supp. 127 (E.D.Pa.1981).

Based on the foregoing, the Court sustains the Plaintiff's motions to strike the complaints of Intervenors Layman and Payne.

WHEREFORE, based upon the aforesaid, this Court concludes that none of the Claimants has perfected his claim through the procedures required by law. Accordingly, at present, there are no claimants to the currency. Moreover, amendments to their claims by Intervenors Payne and Layman would be futile, for the reasons aforesaid. However, an amendment by Claimant Stepp would not necessarily be futile; therefore, Claimant Stepp is granted leave to file an amended claim, in conformity with Supplemental Rule C(6), within twenty days of the entry of this Decision.

In the event that Claimant Stepp fails to file an amended claim, as directed, the Court will sustain the Plaintiff's motion to strike Claimant Stepp's answer. Counsel for the Plaintiff will be directed to file a motion for summary judgment, setting forth his client's entitlement to the forfeiture of the funds in question, not later than twenty (20) days from date of receipt of notice that the Court has sustained Plaintiff's motion to strike Claimant Stepp's answer. Should Claimant Stepp file such an amended claim, the Plaintiff will have ten (10) days following said filing within which

to renew its motion to strike his answer/claim. If said motion is sustained, the Plaintiff will have twenty (20) days following said ruling within which to file a motion for summary judgment; if overruled, or if such a motion to strike is not filed, a conference call will be convened between the Court, counsel for the Government and counsel for the Claimant Stepp in order to establish procedures for the resolution of this litigation.

Trial on the merits of the captioned cause, before a duly empaneled jury, heretofore set for the week of May 27, 1985, has been cancelled.

proceeding for the determination of the issues relating to forfeitures for narcotic violations extends to any person or party having a legally recognized interest in the [property], whether he is owner or lienholder, and whether that interest is legal or equitable in nature." This Court does not consider the holding in *One 1961 Cadillac Hardtop Automobile* to be contrary to the conclusion reached herein. Unlike the Intervenors herein, it appears that the lienholder in *One 1961 Cadillac Hardtop Automobile* had a

lien on specific property, the automobile in question, as opposed to the situation herein, where the Intervenors, as judgment creditors, have *at best* an equitable interest in all of Stepp's property. Such an equitable interest is not sufficient to give them standing to challenge the present forfeiture action. *Cf. United States v. One 1980 Cadillac Eldorado*, 603 F.Supp. 853 (E.D.N.Y.1985) (Legal title holder of automobile may not challenge forfeiture when all of the incidents of ownership reside in another.).