120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United STATES of America, Plaintiff-Appellee,
v.
Reynaldo Hinojosa, Defendant-Appellant.
 No. 96-35986.
 United States Court of Appeals, Ninth Circuit.
 July 24, 1997.
Submitted July 22, 1997**
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Reynaldo Hinojosa appeals pro se the denial of his Federal Rule of Criminal Procedure 41(e) motion for the return of property administratively forfeited. Hinojosa challenges the district court's decision on evidentiary and procedural grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * In 1989, Hinojosa plead guilty to drug trafficking; he is presently incarcerated. In connection with these charges the Drug Enforcement Administration ("DEA") seized personal property which was later forfeited. Hinojosa lists cash, cashier's checks and two automobiles among the property seized.
 
 
 4
 In 1994 he moved for the return of property in the district court. He asserted that he never received proper notice of any administrative forfeiture proceedings regarding the property in question. The district court adopted the Magistrate Judge's Report and Recommendation, sustaining the government's position. Hinojosa filed this timely appeal.
 
 II
 
 5
 Hinojosa first argues that the district court erred in failing to return the property seized. Because Hinojosa's claim raises the issue of the notice of forfeiture proceedings his action was properly brought under Rule 41(e).
 
 
 6
 We review a district court's interpretation of Rule 41(e) de novo. See United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993). We review underlying factual findings for clear error, See In Re Grand Jury Subpoenas, 926 F.2d 847, 855 (9th Cir.1991).[1] "[A] Rule 41(e) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." Mills, 991 F.2d at 612 (quotation omitted).
 
 
 7
 Hinojosa seeks the return of $60,000 in cash that he claims the DEA seized. The DEA denies seizing cash in this amount. A DEA document used to recorded the property seized from Hinojosa lists among the property: "approximately $60,000 in U.S. Currency." Hinojosa relies on this document alone to support his claim. The DEA rebuts Hinojosa's claim with the affidavit of DEA Special Agent Gill, which states that no separate seizure of $60,000 was made and that the entry in question likely referred to the seizure of the combination of $22,900 in cash and $35,080 in cashier's checks (totaling $57,980 or approximately $60,000) previously accounted for. The district court found the government's evidence credible and Hinojosa does not now present any credible evidence to undermined that determination. We reject Hinojosa's claim.
 
 III
 
 8
 Hinojosa next seeks the return of seized property on the grounds that the government violated his right to due process by failing to properly notify him of the particular forfeiture proceedings.
 
 
 9
 Due process requires that the notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." United States v. Castro, 78 F.3d 453, 456 (9th Cir.1996) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Whether notice satisfies due process is a question of law which we review de novo. Hopi Tribe v. Navajo Tribe, 46 F.3d 908, 918 (9th Cir.), cert. denied, 116 S.Ct. 337 (1995).
 
 A.
 
 10
 Hinojosa argues that he is entitled to the return of $5,995 and $6,470 in cash and his Chrysler Cordova. We disagree.
 
 
 11
 Notice was reasonably calculated here. The government published notification of the forfeiture proceedings in "The USA Today," see 19 U.S.C. § 1607 (requiring notice by mail and publication); see also 21 C.F.R. § 1316.75(a) (publication must be in a "newspaper of general circulation in the judicial district in which the processing for forfeiture is sought.") and sent notice to the petitioner in care of the U.S. Marshal's Service and to his last known address. That Hinojosa was incarcerated at the time and may not have received actual notice, either by mail or through publication, is not legally relevant as actual notice is not required by law. Because proper notice was given, Hinojosa is not entitled to relief on this claim. See Castro, 78 F.3d at 456 (notice that was published in "The USA Today," and sent both to the prison where the party was incarcerated and his home satisfied due process).
 
 B.
 
 12
 Hinojosa also argues that he never received notification of the forfeiture of the $22,960 in cash seized from Matilsa Gonzales and Mathias Ochoa. As above, notice was both published and sent to Gonzales and Ochoa, Hinojosa's wife and to Hinojosa himself, in care of the U.S. Marshal's Service. We reject Hinojosa's claim.
 
 IV
 
 13
 Last, Hinojosa claims the district court erred in denying his claim to the $102,065 and $1,135 in cash seized from Antonio Barragan's residence in Tacoma, Washington. Whether a petitioner has standing to assert an interest in seized property is a question of law which we review de novo. United States v. $191,910.00 in U.S. Currency, 16 F.3d 1051, 1057 n. 10 (9th Cir.1994).
 
 
 14
 We agree with the district court that Hinojosa lacks standing to have received notice or contest these forfeitures. As an initial matter, a party seeking to contest a forfeiture must allege either ownership or some other type of property interest in the seized property. Id.; Baker v. United States, 722 F.2d 517, 518 (9th Cir.1983). A possessory interest, for example, suffices to establish standing. United States. v.1982 Sanger 24' Spectra Boat, 738 F.2d 1043, 1046 (9th Cir.1984). Hinojosan does not meet this burden; he was not in possession of the cash when it was seized, nor can he substantiate his claim that he owned the cash. We reject his claim.
 
 
 15
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Federal Rule of Criminal Procedure 41(e), entitled "Motion for Return of Property," reads:
 A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.