UNITED STATES of America, Plaintiff-Appellee,

v.

"MONKEY", a Fishing Vessel, U.S. Registry, Official No. 546240, her engines, tackle, apparel, etc., Defendant,

John Ruppel, Party in Interest-Appellant.

No. 83-2256
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 27, 1984.

Rehearing Denied March 30, 1984.

Robert W. Ritchie, Richard A. Hamra, II, Knoxville, Tenn., for John Ruppel.

Robert Darden, James R. Gough, Asst. U.S. Attys., Houston, Tex., for the U.S.

Before BROWN, TATE and HIGGIN-BOTHAM, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

The United States seeks forfeiture of the vessel MONKEY, alleging that it was used for importing controlled substances. The registered owner appeals a summary judgment of forfeiture granted in favor of the Government, contending that (1) the Government's proof was not properly authenticated, (2) no probable cause of forfeiture exists, (3) the lack of a warrant authorizing search and seizure of the vessel was fatal to the forfeiture, (4) he has proved the defense that the MONKEY was "unlawfully in the possession of another," and (5) if the vessel is forfeited, he is entitled to the interest from the proceeds of the vessel that accrued between the time of the seizure of the vessel and the judgment of the forfeiture. Finding no merit in any of these claims, we affirm.

In the fall of 1978, officers of the Drug Enforcement Administration (DEA) made arrests in their investigation of a large marijuana importing operation using fishing vessels. In January, 1979, Larry D. Washington gave a statement about the smuggling operation. Then Willis Butler gave a detailed statement about the operation, including the involvement of the MONKEY. On March 5, 1979, DEA agents, with the aid of Customs officers, seized the MONKEY without a warrant, at Galjour Marina in Aransas Pass, Texas. In searching the vessel, they found sweepings of marijuana. On May 5, 1979, the Government filed a complaint for forfeiture in the United States District Court.

John Ruppel answered, claiming the vessel. He contended that it had been illegally seized and that he had no knowledge of its being used for transporting marijuana. Interlocutory sale of the vessel was ordered and confirmed, and the proceeds were placed in an account under the control of the Court pending the outcome.

Ruppel was one of 24 persons charged in a multi-count indictment alleging the importation of five different shipments of marijuana on four separate vessels, including the MONKEY. Ruppel was convicted of conspiracy and on three counts of possession of marijuana with intent to distribute. *United States v. Ruppel*, 666 F.2d 261 (5th Cir.), *cert. denied*, 458 U.S. 1107, 102 S.Ct. 3487, 73 L.Ed.2d 1369 (1982). The Government then moved for summary judgment in the forfeiture proceeding. Ruppel contested the Government's motion and filed a counter-motion for summary judgment, urging that the vessel was "unlawfully in the possession of a person other than the owner in violation of the criminal laws," 21 U.S.C. § 881(a)(4)(B), and thus, that he had established a statutory defense to forfeiture.

The District Court initially denied both motions, but later granted summary judgment of forfeiture in favor of the Government and denied the motion of Ruppel.

*Probable Cause*

The Government brings this forfeiture action pursuant to 19 U.S.C. § 1595a,[1] 49 U.S.C. § 782,[2] and 21 U.S.C. § 881(a)(4),[3] among other statutes. In or-

---

1. ... every vessel, vehicle, ... or other thing used in, to aid in, or to facilitate, ... the importation, ... or subsequent transportation of any article which is ... introduced, into the United States contrary to law, whether upon such vessel, vehicle ... or otherwise, shall be seized and forfeited together with its tackle, apparel, furniture, harness, or equipment.
19 U.S.C. § 1595a.

2. Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of § 781 of this Title ... shall be seized and forfeited....

49 U.S.C. § 782.

3. (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

    \* \* \* \* \* \*

    (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) or (2)....
21 U.S.C. § 881(a)(4).

der to obtain a forfeiture under 49 U.S.C. § 782 and 19 U.S.C. § 1595a, the Government must prove that the evidence establishes probable cause to believe that the vehicle was used to facilitate the transportation, concealment, or possession of the prohibited substance. *United States v. One Mercury Cougar XR–7,* 666 F.2d 228 (5th Cir.1982); *United States v. One 1975 Ford Pickup Truck, etc.,* 558 F.2d 755 (5th Cir. 1977); *United States v. One 1969 Buick,* 493 F.2d 553 (5th Cir.1974). The probable cause necessary is "a reasonable ground for belief of guilt supported by less than prima facie proof but more than mere suspicion." *Mercury Cougar XR–7,* 666 F.2d at 230 n. 3; *Ford Pickup Truck,* 558 F.2d at 756. The record contains evidence that more than satisfies the Government's burden.

Two crucial pieces of evidence are so strong that we need not review the remainder of the Government's evidence. First, in Ruppel's supplemental brief in support of his motion for summary judgment and in opposition to the Government's motion for summary judgment, he declared: "party-in-interest has never denied either that the MONKEY was used to transport marijuana or that he purchased the MONKEY, neither of which acts contradicts his contention that he leased the MONKEY to Carlos Gerdes for shrimping purposes only." F.R. Civ.P. 56(c) permits a court to consider any "admissions on file" in rendering summary judgment. This includes admissions that arise at any time in the proceeding, not merely admissions pursuant to a request under F.R.Civ.P. 36. 10A Wright, Miller & Kane, Federal Practice and Procedure § 2722 (1983). *See United States v. Heckler-Koch Rifle,* 629 F.2d 1250, 1253 (7th Cir.1980). Thus, the District Court could regard as established that the MONKEY was used to transport marijuana.

▮ Second, the criminal indictment and judgment established by collateral estoppel that the MONKEY was used for transporting marijuana, and that Ruppel conspired with others to use the MONKEY for that purpose. The collateral estoppel effect to be given a prior federal judgment in a later federal case is determined by federal law. *See, e.g., United States v. Stauffer Chemical Co.,* —— U.S. ——, 104 S.Ct. 575, 78 L.Ed.2d 388 (1984); *Wehling v. Columbia Broadcasting System,* 721 F.2d 506, 508 (5th Cir.1983). There are three prerequisites to collateral estoppel under federal law:

(1) that the issue at stake be identical to the one involved in the prior litigation;

(2) that the issue has been actually litigated in the prior litigation; and

(3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action.

*Id.; Hicks v. Quaker Oats Co.,* 662 F.2d 1158, 1166 (5th Cir.1981).

▮ These somewhat overlapping requirements are satisfied in the Government's use of the Judgment of Conviction in Ruppel's criminal case to estop him from denying in this case that the MONKEY was used by him to import marijuana. In the criminal case, there was an issue of whether the MONKEY was used to import marijuana and whether Ruppel was involved. As defendant, Ruppel had a full and fair opportunity to litigate the issue. There was a jury trial in which the issues were actually litigated, and they were necessarily decided by the guilty verdicts returned by the jury.

Ruppel contends that the jury need not have found that he had any knowledge or involvement in the use of the MONKEY in the smuggling operation. In order to convict, he argues, the jury need only have found that he entered into an agreement to possess marijuana unlawfully and that one of the conspirators committed one of the 24 overt acts listed in the indictment. This argument has no merit, because it overlooks the specific language of Count 2: "That on or about May 31, 1977 ... Ruppel ... did possess with intent to distribute approximately 35,000 pounds of marijuana." The only overt act on this date alleged by the Government was the arrival and unloading of marijuana from the MONKEY. Thus, the jury's Count 2 conviction of Ruppel for possession was necessarily based on the MONKEY's cargo and Ruppel's knowledge that the vessel carried it.

The affidavit of Ruppel denying that he had any knowledge or control of the MONKEY's illegal use was collaterally estopped by the judgment[4] and his admission, and thus did not raise an issue of material fact so as to withstand the Government's motion for summary judgment.

■ Another attack by Ruppel on the items of evidence is that the criminal indictment and judgment of conviction are statements that were made after the seizure of the MONKEY and thus cannot be used to prove that the agents had probable cause to seize. This argument misses the legal basis for forfeiture. Once the Government files a libel of forfeiture, the validity of a pre-libel seizure is not necessary to sustain the proceeding. *United States v. One Mercedes Benz, 4-Door Sedan,* 711 F.2d 1297 (5th Cir. 1983). The issue becomes whether there is probable cause to believe that the vessel was being used illegally. Whether the Government had probable cause *when it seized* the vessel affects only the admissibility of evidence obtained through the seizure. *See United States v. One 1979 Mercury Cougar XR–7,* 666 F.2d 228, 230 (5th Cir.1982). Although traces of marijuana were found aboard at the time of the seizure, that evidence is not necessary to a finding of probable cause that the vessel was used on the specified prior occurrences to import marijuana. The criminal conviction has an independent legal effect, untainted by the seizure. We conclude that all the evidence described, other than the marijuana traces, was properly considered by the District Court.

■ Ruppel's criminal conviction also scuttled his defense under 21 U.S.C. § 881(a)(4)(B),[5] which prohibits forfeiture if the owner establishes that the illegal act was committed by someone other than himself "while such conveyance was unlawfully in the possession of a person other than the owner in violation of the criminal laws of the United States, or any State." Ruppel asserted in an affidavit that he leased the MONKEY to Carlos Gerdes solely for shrimping purposes and that, under Texas law, when Gerdes used the vessel for another purpose, his possession became illegal.

We do not give the statutory phrase "unlawfully in the possession" so broad a construction as Ruppel urges. This exception to the broad statutory forfeiture provisions was obviously intended to avoid the harsh result of an innocent owner's suffering a forfeiture of property that, without his consent, was in the unlawful possession of another. It is sometimes referred to as the

---

**4.** Ruppel argues that the criminal judgment and indictment were not admissible at summary judgment, because they are essentially hearsay statements by the jury members not based on competent, personal knowledge. This, he argues, violates F.R.Civ.P. 56(e), which provides in part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

This argument is without merit, because the Judgment of Conviction is not offered as a statement by the jury or judge, but as a thing decided and therefore conclusively established in this case by the doctrine of collateral estoppel. A motion for summary judgment is an appropriate vehicle for presenting prior judgments. *See, e.g., Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). "Supporting ... affidavits" were not required here, because the judgment and indictment were self-explanatory. Moreover, they are within the hearsay exception of F.R.Evid. 803(22).

Ruppel also argues that the judgment and indictments were not properly authenticated. Objections to authenticity, such as this, are waived by a failure to raise them in the District Court, where the Government could have remedied any technical deficiencies. *Davis v. Howard,* 561 F.2d 565, 570 (5th Cir.1977); 10A Wright, Miller, and Kane, Federal Practice and Procedure § 2722 (1983). Moreover, where, as here, there is no genuine challenge to the authenticity, but only to the *method* of authentication, photocopies of certified copies are sufficient. F.R.Evid. 1003, 1001(4).

**5.** 21 U.S.C. § 881(a)(4)(B) provides:

No conveyance shall be forfeited under the provision of this section by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such conveyance was unlawfully in the possession of a person other than the owner in violation of the criminal laws of the United States, or of any State.

defense of "innocent ownership." Here, possession of the MONKEY was willingly given to Gerdes, and the criminal conviction establishes a connection between Ruppel and the illegal use. Thus, the MONKEY was not "unlawfully in the possession" of another, and the statutory defense fails.

### Legality of the Seizure

Ruppel contends that because the MONKEY was seized and searched without a warrant, the seizure was illegal and thus the forfeiture action must be dismissed. This Court recently decided that

> even if the seizure were illegal, it would not bar the government's right to claim the vehicle through forfeiture proceedings. Improper seizure does not jeopardize the government's right to secure forfeiture if the probable cause to seize the vehicle can be supported with untainted evidence. *United States v. Eighty-Eight Thousand, Five Hundred Dollars,* 671 F.2d 293, 297–98 (8th Cir.1982); *United States v. One 1975 Pontiac Lemans,* 621 F.2d 444, 450–51 (1st Cir.1980); *United States v. One Harley-Davidson Motorcycle,* 508 F.2d 351, 351–52 (9th Cir.1974). This position is not contrary to *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). That case holds that an object illegally seized cannot in any way be used either as evidence or as the basis for jurisdiction. Therefore, evidence derived from a search in violation of the fourth amendment must be excluded at a forfeiture proceeding. In the case at bar, all evidence of probable cause was developed independent of the seizure of the vehicle. Thus, even if a warrant were required, the failure to secure it would not bar the forfeiture of the vehicle.

*United States v. One 1978 Mercedes Benz, 4-Door Sedan,* 711 F.2d 1297 (5th Cir.1983).

▇ Applying this principle, we may assume for this purpose that the seizure of the MONKEY was illegal and that the marijuana sweepings found as a result of the seizure must be excluded. Nevertheless, probable cause to sustain the seizure is provided by the admissions and the collateral estoppel effect of the criminal conviction.

Thus, the impropriety of the seizure does not prevent the forfeiture of the vessel to the Government in this case.

### Interest

Ruppel's final argument is that he, and not the Government, is entitled to the interest accrued between the sale of the seized vessel and the actual order of forfeiture if the vessel is forfeited. This claim has not been raised in the District Court, and thus we need not consider it on appeal. *Smith v. Mobil Corp.,* 719 F.2d 1313, 1316 (5th Cir. 1983); *Equitable Trust Co. v. Commodity Futures Commission,* 669 F.2d 269, 275 (5th Cir.1982).

▇ In any case, the Government was entitled to the interest. It has traditionally been held that forfeiture occurs at the moment of illegal use. *United States v. Stowell,* 133 U.S. 1, 17–18, 10 S.Ct. 244, 247–248, 33 L.Ed. 555 (1890); *United States v. One 1967 Chris-Craft 27 Foot Fiber Glass Boat,* 423 F.2d 1293 (5th Cir.1970); *O'Reilly v. United States,* 486 F.2d 208, 210 (8th Cir.1973).

The order of the District Court granting the Government's motion for summary judgment and denying Ruppel's motion for summary judgment is correct.

AFFIRMED.

