UNITED STATES of America, Plaintiff,

v.

$15,460.00 IN UNITED STATES CURRENCY, In Rem, Defendant.

Civ. No. 89–1192–BE.

United States District Court, D. Oregon.

July 10, 1990.

Charles H. Turner, U.S. Atty., D. Or., Craig J. Casey, Asst. U.S. Atty., Portland, Or., for plaintiff.

Donald W. Engel, Sunnyside, Wash., for claimant.

## OPINION

BELLONI, District Judge.

The matter before the court is a motion for summary judgment (# 14) by United States of America. The United States is seeking forfeiture of $15,460.00 in U.S. Currency in which Pedro Morales claimed a property interest.

## UNDISPUTED FACTS

On September 30, 1988, at approximately 12:45 a.m., Senior Trooper John Anderson of the Oregon State Police stopped a 1978 Ford Thunderbird for not maintaining a single lane of travel. Pedro Oseguera Morales (Morales), the driver, stated to Trooper Anderson that he had been in the State of Washington visiting relatives. A police computer check revealed that the car was registered to Morales' brother, Jose Morales. Morales acknowledged that the registered owner of the car was his brother and stated that he had just bought the car from his brother.

Trooper Anderson observed that Morales was unusually nervous and noted that personal belongings normally associated with vacation travel were not in the car. Trooper Anderson requested to search the car and Morales consented. Trooper Anderson found the defendant United States Currency hidden beneath the rear seat of the car. The $15,460.00 dollars of U.S. currency was in bundles of $1,000.00, held together with rubber bands and concealed inside a white plastic bag. When Trooper Anderson asked Morales about the money, Morales denied any knowledge of the money.

Detective Clair of the Josephine County Sheriff's Office was asked to come to the scene. The police dog Taska, which is trained to detect the odor of controlled substances, alerted a controlled substance in response to an odor in the back seat of the automobile. Trooper Anderson removed a back panel and found nothing inside; but he observed an area large enough to conceal and transport a large quantity of narcotics.

At the Rouge River Police Station, Trooper Anderson concealed the currency and the dog Taska again located the bag of currency. Trooper Anderson advised Morales that the currency was being seized and Morales responded by stating that was no problem.

On January 25, 1989, Morales appeared at the Portland FBI station and again stated that he was not aware that there was money hidden in his brother's car. Morales' brother had left the car with him when he returned to Mexico for his employment. Morales submitted a letter to the FBI written in Spanish by his brother. The letter stated that the money was his brother's savings and was intended for the purchase of two station wagons which would have been used at Nabisco Company. The letter was written on Nabisco letterhead stationary.

The FBI contacted the employer of Morales' brother, Nabisco. An employee of Nabisco confirmed that Morales' brother worked for Nabisco but did not state that the money was intended for the purchase of vehicles for the Nabisco Company.

The United States filed the forfeiture complaint on November 7, 1989 and a civil *in rem* arrest warrant was issued on November 13, 1989. The Defendant currency was arrested on November 21, 1989. Claimant, Pedro Oseguera Morales filed a claim and answer on or about December 11, 1989. No other persons have filed claims.

## DISCUSSION

The government moves for summary judgment on the issue of whether the United States currency can be forfeited. 21 U.S.C. § 881(a)(6) provides for a forfeiture when the government has shown probable cause that things of value were intended to be furnished by any person in exchange for a controlled substance. Morales then carries the burden of persuading the court by a preponderance of evidence that the property was either not involved in the violation alleged or that a valid defense to the forfeiture exists. 19 U.S.C. § 1615 (1981).

 Probable cause for forfeiture is generally defined as reasonable grounds

for belief of guilt, supported by less than prima facia proof but more than a mere suspicion. *United States v. 1982 Yukon Delta Houseboat,* 774 F.2d 1432, 1434 (9th Cir.1985). "Probable cause for forfeiture cannot be shown unless the aggregate of facts gives rise to more than mere suspicion that the property was exchanged for or intended to be exchanged for drugs." *United States v. Padilla,* 888 F.2d 642, 643–44 (9th Cir.1989). Probable cause can be based on circumstantial evidence or inadmissible hearsay. *1982 Yukon Delta Houseboat,* 774 F.2d at 1434. "Summary judgment procedures under Rule 56 Fed.R. Civ.P., must necessarily be construed in the light of the statutory law of forfeitures, and particularly the procedural requirements ..." *United States v. $5,644,540 in U.S. Currency,* 799 F.2d 1357 (9th Cir. 1986).

■ The court finds that the aggregate of the facts give rise to probable cause to forfeit the currency. When Trooper Anderson stopped the automobile in which Morales was driving, he noticed that Morales was nervous and he did not appear as if he was on a vacation. After Morales consented to Trooper Anderson's search of the automobile, Trooper Anderson found the defendant currency concealed under the seat. The police dog alerted a controlled substance in response to an odor in the back seat and again alerted a controlled substance on the currency bag after the officer concealed the bag at the police station. The currency was in bundles of $1,000.00. I find that these facts are sufficient to find probable cause that the currency was involved in the exchange of a controlled substance.

■ The government contends that Morales does not have standing to participate in the forfeiture proceeding. The burden of establishing standing in a forfeiture proceeding is on the claimant. *United States v. $122,043 in United States Currency,* 792 F.2d 1470, 1473 (9th Cir.1986). Morales must allege and prove a valid property interest in the forfeited property. *Baker v. United States,* 722 F.2d 517 (9th Cir 1983).

Claimant argues that he has a possessory interest in the property because he possessed the property at the time the police officer confiscated the defendant currency. Morales asserts that because he was the sole occupant of the vehicle and because the cash was found in the said vehicle he had a possessory interest. Morales, however, did not know of the defendant currency until Trooper Anderson discovered it. The government asserts that an unknowing possessory interest in the property cannot establish standing.

■ To establish standing, a claimant in a forfeiture proceeding does not have to be the owner of the property but must have an interest in the property. *United States v. 1982 Sanger 24′ Spectra Boat,* 738 F.2d 1043, 1047 (9th Cir.1984). "When there is some meaningful interference with an individual's possessory interest in that property, a fourth amendment seizure has occurred." *Id. quoting United States v. Jacobson,* 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). Since Morales did not know that the currency was in the vehicle until after the police located and seized it, he did not have a possessory interest in the defendant currency and a meaningful interference with the property did not occur. *See United States v. $5,644,540.00,* 799 F.2d 1357, 1365 (9th Cir.1986) (viewing and touching containers of money in a truck of a vehicle is not sufficient to establish standing). A possessory interest in the property must exist before the seizure of the property. *See United States v. One 1967 Chris Craft 27–Foot Fiber Glass Boat,* 423 F.2d 1293 (5th Cir.1970). The court finds that Morales does not have standing to claim an interest in the forfeited property.

■ Morales also asserts that he should be permitted to amend his claim to allege that he is an agent for his brother, Jose Oseguera Morales and that his brother has an ownership interest in the defendant currency. Jose Morales should have filed a claim within ten days after the process had been executed and the claim should have been made under oath and verified that he authorizes Pedro Morales to be his an

agent. Jose Oseguera Morales has not made any claim or verified that Pedro Morales is authorized to act as his agent. Morales is not entitled to amend his claim to include his brother. *See United States v. One 1971 BMW 4–Dr. Sed.*, 652 F.2d 817 (9th Cir.1981); 21 U.S.C. § 881, Supplemental Rule C(6). Since no other persons have filed claims, default judgment is granted.

## CONCLUSION

The government's motion for summary judgment (# 14) against claimant Morales is granted. Default judgment is granted against all other persons who may assert a claim.