**UNITED STATES of America, Plaintiff,**

**v.**

**$80,080.00 IN UNITED STATES CURRENCY, Defendant.**

**Civ. A. No. 4:90–CV–279–HLM.**

United States District Court,
N.D. Georgia,
Rome Division.

Dec. 16, 1991.

Sandra Ganus, Asst. U.S. Atty., for plaintiff.

Peter O'Callaghan, Jr., Cedartown, Ga., for defendant.

## ORDER

HAROLD L. MURPHY, District Judge.

This forfeiture case is before the Court on a resubmission of Plaintiff's Motion for Summary Judgment. On July 23, 1991, this Court entered an Order requiring both parties to submit further briefs on certain issues. Both sides have complied with that

Order and, the Court is now ready to rule on Plaintiff's Motion.

In this Court's Order of July 23, 1991, the Court discussed in detail the facts of the case, so the Court will only briefly reiterate here the facts necessary for this Order. In May 1990, a Drug Enforcement Agency (DEA) agent received a tip, from a cooperating witness, that Claimant, Franklin David Howard, wanted to buy some marijuana. Accordingly, the DEA agent instituted a plan in which he would try and sell one hundred pounds of marijuana to Claimant for approximately $80,000.

On the day the sale was to be consummated, Claimant, along with the government's cooperating witness, put the money in a cooler and borrowed Claimant's sister's car to drive to where the sale was to take place. Subsequent to this transaction, the DEA enlisted the aid of the Georgia State Police (GSP) who agreed to set up a roadblock to stop Claimant before he got to the sale. This subterfuge was needed to protect the identity of the cooperating witness.

As Claimant was driving to the sale location, he encountered the roadblock. The GSP found the money in the cooler after Claimant agreed to allow them to search his car. Although Claimant was not arrested at that time, the GSP confiscated the money and turned it over to the DEA as suspected drug proceeds.

Subsequent to Claimant's conviction of attempt to possess with intent to distribute marijuana, the United States filed the instant forfeiture action under 21 U.S.C. § 881(a)(6) against the currency. Plaintiff has moved for summary judgment. In Claimant's opposition to Summary Judgment, he raised two defenses upon which the Court Ordered further briefing: (1) impossibility; and, (2) illegality of the seizure.

## SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." The moving party bears the heavy burden of demonstrating that no dispute as to any material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir.1991). This burden is met by "pointing out to the District Court—that there is an absence of evidence to support [an essential element of] the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

The District Court's duty is to view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *See Bradbury v. Wainwright*, 718 F.2d 1538, 1543 (11th Cir.1983). Once the moving party has fulfilled their burden, however, the burden switches to the nonmovant to come forward with specific facts showing that a genuine dispute still exists. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Clark v. Coats & Clark Inc.*, 929 F.2d 604 (11th Cir.1991).

In deciding a motion for summary judgment, it is not the Court's function to decide issues of genuine material fact. Rather, the Court's function is to determine whether such an issue exists to be tried. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). It is the applicable substantive law which will identify what facts are material. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Facts which in good faith are disputed, but which do not resolve or affect the outcome of the suit will not properly preclude the entry of summary judgment. *Id.* In short, such facts are not material. The materiality of a fact rest solely on the governing substantive law. A district court "can only grant summary judgment 'if *everything* in the record ... demonstrates that no genuine issue of material fact exists.'" *Tippens v. Celotex Corp.*, 805 F.2d 949, 952 (11th Cir.1986), (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir.1980)).

■ Genuine disputes are those where the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Moreover, for factual issues to be "genuine" they must have a real basis in the record. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 586, 106 S.Ct. at 1356 (citations omitted.) "[T]his standard mirrors the standard for a directed verdict.... [T]he inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2512.

## FORFEITURE AND IMPOSSIBILITY

■ Under 21 U.S.C. § 881(a)(6), money is subject to forfeiture if it is intended to "be furnished by any person in exchange for a controlled substance ... or intended to be used to facilitate any violation of this subchapter...." *Id.* For a proper forfeiture action to take place under § 881(a)(6), however, "the government must ... furnish probable cause, *i.e.*, reasonable grounds to believe that a substantial connection exists between the money seized and [a crime under Title 21 of the United States Code]." *United States v. $41,305 in Currency & Traveller's Checks*, 802 F.2d 1339, 1343 (11th Cir.1986). Whether probable cause to believe that a substantial connection existed between the forfeited money and the illegal activity is a question judged not with clinical detachment, but with a common sense view to the realities of normal life. *Wilson v. Attaway*, 757 F.2d 1227, 1235 (11th Cir.1985). In fact, probable cause can be based wholly on circumstantial evidence, which may include facts learned after the actual seizure of the money. *$41,305*, 802 F.2d at 1343.

Claimant argues that probable cause does not exist in this case because there is no substantial connection between the money seized and the illegal activity because the marijuana he was to buy did not exist. In effect, Claimant is arguing that it was impossible for him to have intended to use the money to purchase the drugs because the drugs did not exist. Consequently, he argues, if he could not have intended to use the money to purchase the drugs, no substantial connection could exist between the money and the illusory marijuana and, accordingly, no probable cause could exist.

■ Claimant's contention, however, is incorrect. The fact that the forfeited property was not actually used for the illegal transaction does not disturb the forfeiture. "It is the state of mind of the criminal with respect to the property sought to be forfeited which is determinative, not whether the property is actually used to execute the criminal intentions, ... or whether it is even possible to consummate those intentions." *United States v. One 1980 Bertram 58' Motor Yacht*, 876 F.2d 884, 887 (11th Cir.1989) (citations omitted). The actual existence of the drugs neither changes nor affects Claimant's intent to use the money to purchase the drugs. *See United States v. $64,000 in United States Currency*, 722 F.2d 239, 244–45 (5th Cir.1984). Consequently, if Claimant had the intent to purchase the marijuana with the defendant money, the money is properly the subject of a forfeiture action because implicit in the finding of intent to buy the marijuana is a finding that a substantial connection existed between the money and a Title 21 crime.

■ In this case, Claimant is collaterally estopped from denying the necessary intent in this forfeiture action because of Claimant's criminal conviction of attempt to possess marijuana. There are three requirements for collateral estoppel under federal law: (1) the issue at stake in the case *sub judice* must be identical to the one involved in the prior litigation; (2) the issue has been actually litigated in the prior litigation; and, (3) the determination of the issue in the prior litigation has been a critical and necessary part of the judgment

in that earlier action. *United States v. "Monkey"*, 725 F.2d 1007, 1010 (5th Cir. 1984) (conviction regarding use of a boat in drug traffic case acts as collateral estoppel in forfeiture case as to whether the boat was used to transport drugs).

All three of these requirements have been met in this case. First, an issue in Claimant's trial for attempt to possess was whether the money was to be used to purchase the drugs. Second, Claimant had a full and fair opportunity to litigate this issue in that trial. Finally, the issue of the money's intended use was critical to his conviction for attempt to possess. Without a finding that the money was intended to be used to purchase drugs, Claimant could not have been convicted in the earlier trial. Accordingly, because the money was intended to be used to purchase the drugs, there exists a substantial connection between the money and the Title 21 crime so as to allow a forfeiture under section 881(a)(6).

### ILLEGALITY OF THE ROADBLOCK

Claimant's second defense states that because the DEA is not authorized to conduct a roadblock, the roadblock was illegal and the money was therefore tainted and cannot be the subject of a forfeiture action. Plaintiff claims, however, that the illegality of the search or the roadblock is irrelevant to whether the money can be seized. It claims that a forfeiture action is not barred by an illegal seizure if independent evidence exists connecting the forfeited property to illegal activities. Plaintiff continues by stating that this forfeiture action is based on the Claimant's conviction which is independent evidence from the illegal seizure and, consequently, the legality of the seizure is irrelevant.

■ The Supreme Court has held that an object illegally seized cannot in any way be used either as evidence or as a basis for jurisdiction and, accordingly, evidence derived because of a violation of the Fourth Amendment cannot be used in a forfeiture proceeding. *One 1958 Plymouth Sedan v.*

*Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). *See United States v. One 1968 Cadillac Coupe DeVille*, 730 F.Supp. 1434, 1438–39 (N.D.Ill.1990) (no forfeiture where only evidence of drug activity comes from illegally obtained evidence which is inadmissible). An improper seizure, however, does not jeopardize the government's right to secure forfeiture if the probable cause to seize the vehicle can be supported with untainted evidence. *United States v. One 1978 Mercedes Benz*, 711 F.2d 1297, 1302–03 (5th Cir.1983).

■ Claimant's argument, therefore, misses the point concerning the validity of a forfeiture. As the Fifth Circuit has stated:

> Once the government files a libel of forfeiture, the validity of a pre-libel [action] is not necessary to sustain the proceeding. The issue becomes whether there is probable cause to believe that the [money] was being used illegally. Whether the government had probable cause **when it seized** the [money] affects only the admissibility of evidence obtained through the seizure.... The criminal conviction has an independent legal effect, untainted by the seizure.

*United States v. "Monkey"*, 725 F.2d 1007, 1011 (5th Cir.1984) (citations omitted).

Assuming, as this Court must under summary judgment, *see Bradbury v. Wainwright*, 718 F.2d 1538, 1543 (11th Cir. 1983), that the roadblock and seizure were illegal, this Court will consider the money as inadmissible evidence and, therefore, it cannot be the basis for the probable cause. Regardless of this consideration, however, the probable cause for this forfeiture is established by the collateral estoppel effect of the criminal conviction. Furthermore, Claimant even admitted at his criminal trial that the money was to be used to purchase the marijuana. Consequently, the impropriety of the seizure does not prevent the forfeiture of the money to the Government in this case because the forfeiture is based on untainted independent evidence.[1]

---

1. This allegation concerning the illegality of the seizure seems to be directed at the validity of

the conviction and the evidence used therein. This Court has previously held, however, that an

Accordingly, this Court GRANTS Plaintiff's Motion for Summary Judgment.

IT IS SO ORDERED.

attack against the actual conviction does not affect the forfeiture action when the "established avenues for contesting [verdicts] ... by direct appeal or by section 2255, have not been used." *United States v. All that Tract of Parcel Known as 204 Orchard Street*, 4:90–CV–113–HLM, slip op. at 8, 1991 WL 294525 (N.D.Ga. Feb. 4, 1991) (Murphy, J.).