**UNITED STATES of America, Plaintiff,**

v.

**$17,538.00 IN UNITED STATES CURRENCY, Defendant.**

**Claim of Herman SLATER, Jr.**

**Civ. A. No. 91–1026–T.**

United States District Court, D. Kansas.

March 20, 1992.

Michael G. Christensen, Office of U.S. Atty., Wichita, Kan., for plaintiff.

Carl E. Cornwell, Cornwell & Edmonds, Overland Park, Kan., for Herman Slater, Jr.

**MEMORANDUM AND ORDER**

THEIS, District Judge.

This civil forfeiture action is before the court on the United States' motion for summary judgment. Doc. 6.

The court is familiar with the standards governing the consideration of a motion for summary judgment. The Federal Rules of Civil Procedure provide that summary judgment is appropriate when the documentary evidence filed with the motion "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in

other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The burden at the summary judgment stage is similar to the burden of proof at trial. The court must enter summary judgment, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact on its claim. Rule 56, however, imposes no requirement on the moving party to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323, 106 S.Ct. at 2553 (emphasis in original). Once the moving party has properly supported its motion for summary judgment, the nonmoving party may not rest upon mere allegations or denials contained in the nonmoving party's pleadings, but must set forth specific facts showing a genuine issue for trial, relying upon the types of evidentiary materials contemplated by Rule 56. Fed.R.Civ.P. 56(e). Each party must demonstrate to the court the existence of contested facts on each claim it will have to prove at trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. The court reviews the evidence on summary judgment under the substantive law and based on the evidentiary burden the party will face at trial on the particular claim. *Anderson*, 477 U.S. at 254, 106 S.Ct. at 2513.

At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are functions of the finder of fact, not the functions of the judge when ruling on a motion for summary judgment. The evidence of the non-moving party is to be believed. All justifiable inferences are to be drawn in favor of the nonmovant. *Id.* at 255, 106 S.Ct. at 2513.

The following facts are deemed admitted based on the claimant's failure to controvert them, D.Kan. Rule 206(c):

1. On May 10, 1990, Anthony Young agreed to cooperate with law enforcement authorities and introduce an undercover agent to a source of supply for crack cocaine.

2. On May 11, 1990, Drug Enforcement Administration (DEA) agents at the Kansas City Residence Office listened to a tape of a phone conversation between Anthony Young and Harold Porter. The substance of the conversation was that Porter and Herman Slater had recently returned from Houston, Texas after purchasing one (1) kilogram of cocaine and that they would be sure to save eight (8) ounces of cocaine for Young. On May 11, 1990, DEA agents arrested Herman Slater after a vehicle chase in the Kansas City, Kansas area. During the chase Slater had thrown over 200 grams of cocaine base from his car.

3. Seized from Slater's vehicle on May 11, 1990 was $2,431.00 in United States Currency and a fully loaded AMT 380 caliber semi-automatic pistol.

4. During a post-arrest interview, Slater advised DEA agents that he had additional crack cocaine and additional monies in his residence at 2720 N. 81st Terrace, Kansas City, Kansas.

5. A search of the residence at 2720 N. 81st Terrace, Kansas City, Kansas on May 11, 1990 revealed $15,107.00 in United States Currency in a safe located in the master bedroom and from the top drawer of a dresser located in the master bedroom. Additionally, approximately 24 grams of cocaine base (crack cocaine) and a MAC 11 semi-automatic machine pistol were seized from the top drawer of the dresser located in the master bedroom.

6. A .26 caliber semi-automatic pistol was seized from the top drawer of the dresser located in the master bedroom and a .12 gauge Mossberg shotgun was seized from the counter located in the kitchen of the residence.

7. Herman Slater was charged in a two count Second Superseding Indictment in the United States District Court for the District of Kansas in *United States of America v. Herman Bryant Slater and Harold L. Porter,* Case No. 90–20043–01. In Count I of that indictment Slater was charged with conspiring with Porter to sell eight (8) ounces of crack cocaine to Anthony Young for a price of $9,600.00, in violation of 21 U.S.C. § 846. In Count II of the indictment Slater and Porter were charged with knowingly and intentionally possessing with intent to distribute approximately 223.3 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

8. On April 4, 1991, both Herman Slater and Harold L. Porter were convicted by a jury on both Counts of the indictment.

The civil forfeiture statute provides in relevant part:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

. . . .

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter,

. . .

21 U.S.C. § 881(a)(6). The court recently summarized the standards relevant to civil forfeiture actions in *United States v. $83,900.00 in United States Currency,* 774 F.Supp. 1305 (D.Kan.1991):

Civil forfeiture under 21 U.S.C. § 881 is an in rem action which proceeds on the legal fiction that the property itself is guilty of wrongdoing. Although a criminal conviction is not a prerequisite to civil forfeiture, the civil forfeiture usually involves property which has been used in, or is related to, a criminal enterprise. *United States v. $152,160.00 in United States Currency,* 680 F.Supp. 354, 356 (D.Colo.1988) (citing *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663 [94 S.Ct. 2080, 40 L.Ed.2d 452] (1974)).

In a civil forfeiture proceeding, the government bears the burden of going forward and must establish probable cause that the property was involved in criminal activity. The burden then shifts to the claimant to prove by a preponderance of the evidence that the property is not subject to forfeiture. *United States v. $39,000 in Canadian Currency,* 801 F.2d 1210, 1216–17 (10th Cir.1986). *See Boas v. Smith,* 786 F.2d 605, 609 (4th Cir.1986) (the government must establish probable cause for belief that a substantial connection exists between the property to be forfeited and the criminal activity; the burden of proof then shifts to the claimant to establish by a preponderance of the evidence that the property was not used in violation of the law or was not intended to be used unlawfully).

Probable cause for forfeiture means reasonable grounds for belief of guilt, supported by less than prima facie proof but more than mere suspicion that the property is being used for criminal activities. *United States v. $15,460.00 in United States Currency,* 741 F.Supp. 819, 820–21 (D.Or.1990). Probable cause in a forfeiture proceeding may be established by circumstantial evidence, *United States v. $38,600.00 in United States Currency,* 784 F.2d 694, 697 (5th Cir. 1986), or inadmissible hearsay. *$15,640.00 in United States Currency,* 741 F.Supp. at 821; *United States v. A Parcel of Land, Buildings, Appurtenances, and Improvements, Known as 92 Buena Vista Ave.,* 738 F.Supp. 854, 857 (D.N.J.1990), *aff'd in part, remanded in part on other grounds,* 937 F.2d 98 (3d Cir.1991).

The discovery of a large amount of money, unexplained, may constitute evi-

dence that the money was furnished or was intended to be furnished in exchange for a controlled substance. A large amount of money, combined with other circumstantial evidence such as drug paraphernalia, may be sufficient to establish probable cause for forfeiture. *$38,-600.00 in United States Currency*, 784 F.2d at 697. Eighty-three thousand nine hundred dollars is a large amount of money and is more than the amount of cash commonly kept on hand by a law abiding wage earner. *See United States v. United States Currency: $24,927*, 635 F.Supp. 475, 480 (S.D.Ohio 1986); *see also United States v. $319,820.00 in United States Currency*, 620 F.Supp. 1474, 1478 (N.D.Ga.1985) (court "[felt] confident in assuming that innocent persons do not tend to carry large amounts of cash in the manner described," i.e., small bills, banded together with rubber bands or tape instead of bank wrappers, carried in a bag and hidden on the carrier's person and in his boot). Once the government has established probable cause, the burden shifts to the claimant to show that the money had a legitimate source and was not intended for a drug transaction. *United States v. Currency Totalling $92,000.00*, 707 F.Supp. 540, 543 (N.D.Ga.1989). Even if the money came from a legitimate source such as a bank loan, the claimant must demonstrate that the money was not capital for drug purchases. *United States v. $2,355.96*, 647 F.Supp. 1460, 1463 (E.D.Mo.1986).

. . . .

Probable cause established after the initial seizure may be used to prove the government's right to forfeiture. [*U.S. v.*] *$252,671.48 in United States Currency*, 734 F.Supp. [254] at 257; *but see United States v. All Monies in Account No. 29-0101-62*, 746 F.Supp. 1432, 1438 n. 6 (D.Hawaii 1990). Evidence to support the probable cause determination includes not only evidence obtained before the seizure of the property subject to forfeiture but also evidence obtained up until the point at which the government institutes forfeiture proceedings. *Unit-*

*ed States v. $91,960.00*, 897 F.2d 1457, 1462 (8th Cir.1990) (citing *United States v. Monkey*, 725 F.2d 1007, 1011 (5th Cir. 1984)).

*Id.* at 1319–21.

The uncontroverted facts set forth above establish that Porter and Slater claimed to be in possession of approximately one (1) kilogram of cocaine just prior to the events of May 11, 1990. On May 11, 1990, they possessed eight (8) ounces of cocaine. The other cocaine from the kilogram (in excess of 24 ounces) could have sold for over $28,000.00 if sold at the same price the cocaine was to be sold to Anthony Young ($9,600.00 for eight (8) ounces). The court finds that the uncontroverted facts establish probable cause for forfeiture. The court has considered the amount of money seized and the fact that crack cocaine was seized at the same time.

Once probable cause is established, the burden shifts to the claimant Slater to show that the money came from a legitimate source and that it was not intended to be used in a drug transaction. The claimant has failed to meet his burden. He has submitted no affidavit, answers to interrogatories, or other discovery materials in connection with his opposition to the summary judgment motion to show that the money came from a legitimate source. Accordingly, summary judgment in favor of the government is appropriate.

IT IS BY THE COURT THEREFORE ORDERED that the United States' motion for summary judgment (Doc. 6) is hereby granted.