AMERICAN AIRLINES, INC., Alaska Airlines, Inc., Continental Airlines Corp., Delta Air Lines, Inc., Eastern Airlines, Inc., Northwest Airlines, Inc., Pan American World Airways, Inc., United Air Lines, Inc., and USAir, Inc., Plaintiffs,

v.

Richard G. AUSTIN, as Acting Administrator of General Services Administration, General Services Administration, a Federal Agency, and United States of America, Defendants.

Civ. A. No. 90–1394 SSH.

United States District Court, District of Columbia.

Nov. 26, 1991.

David A. Berg, Washington, D.C., for plaintiffs.

Mark Hodge Murphy, U.S. Dept. of Justice, Civ. Div., Washington, D.C., for defendants.

## OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction. Upon consideration of the motion, plaintiffs' opposition thereto, and the entire record herein, the Court concludes that defendants' motion should be denied.

## BACKGROUND

The following facts are taken from the complaint. On September 28, 1989, the General Services Administration (GSA) requested that plaintiffs, United States commercial airlines, refund money from airline tickets that the Government allegedly purchased and never used. With a few exceptions, the GSA did not identify or return the unused tickets to the airlines.

On May 15, 1990, GSA modified its demand, limiting the refund request to include only those tickets purportedly purchased by the Department of the Army and the Department of the Air Force during 1985. GSA sent a limited number of unused tickets to the airlines, but the tickets received represented only a small portion

of the money that was demanded.[1] Instead of returning the remainder of the tickets, GSA calculated the cost of the remaining unused tickets using a "statistical sample" and withheld future payments to the airlines to offset that amount.

Plaintiffs filed this action on June 14, 1990. They allege that the Government used all of the tickets that it purchased in 1985, other than those already returned and refunded. They maintain, therefore, that the Government illegally offset amounts owed by various federal agencies to the airline carriers.

Plaintiffs pray for a declaratory judgment that the offsets are unlawful, an injunction forbidding future use of such offsets, and return of the monies withheld. Their complaint sets forth five counts: (1) violation of the Transportation Act Regulation, 41 C.F.R. § 101–41.210–2 and § 101–41.210–3, which requires that unused tickets be "forwarded to the carrier"; (2) violation of the Federal Claims Collection Standards, 4 C.F.R. § 102.3(a), which requires that before an agency can offset any payments, those claims must be "liquidated or certain in amount";[2] (3) violation of the Debt Collection Act of 1982, 31 U.S.C. § 3716(a)(3), which requires the Government to produce unused airline tickets for plaintiffs' inspection before making any offsets; (4) wrongful withholding of funds by GSA; and (5) recovery under the Prompt Payment Act, 31 U.S.C. § 3901 et seq., of interest penalties associated with the monies allegedly unlawfully withheld.

## DISCUSSION

Defendants have moved to dismiss the case for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. They argue that plaintiffs' claim exceeds $10,000 and is "founded upon" a contract with the Government, contending that therefore the Tucker Act confers exclusive jurisdiction in the United States Claims Court.[3] Plaintiffs argue that the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq., and 28 U.S.C. § 1331, provide for subject matter jurisdiction in this court.

Plaintiffs deny that a contract exists but contend that even if one does exist, the Court still has jurisdiction because each ticket creates a separate claim and, thus, no single claim exceeds $10,000. Plaintiffs maintain that not only is this Court the appropriate forum for their claim, it is the only one that can grant adequate relief. To determine the proper forum, the Court must first examine the federal question jurisdiction statute, the APA, and the Tucker Act.

■ To establish that a court has jurisdiction over a suit against the United States. a plaintiff must show that the court has subject matter jurisdiction over the issues raised by the suit, that the United States has waived its immunity for suits of that kind, and that the United States has consented to be sued in that particular court. *See* 14 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure Jurisdiction 2d § 3654 (1985).

■ Under 28 U.S.C. § 1331, the District Court has original jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States. Although § 1331 is not a general waiver of sovereign immunity, it gives the District Court subject matter jurisdiction to review agency action, providing that the suit arises under federal law and there is an express waiver of sovereign immunity by the Government. *See New Mexico v. Re-*

1. In a previous case, a court struck down a regulation which permitted refunds to the Government on unidentified or unreturned tickets. *See American Airlines, Inc. v. Golden,* Civil Action No. CA–86–0532–T (N.D.Tex.1989).

2. Plaintiffs assert that using statistical survey estimates is not sufficient to meet these requirements.

3. The Tucker Act states in part:

The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. 28 U.S.C. § 1491(a)(1).

*gan,* 745 F.2d 1318, 1321 (10th Cir.1984), *cert. denied,* 471 U.S. 1065, 105 S.Ct. 2138, 85 L.Ed.2d 496 (1985).

Both criteria are met in this case: plaintiffs are suing a federal agency, the GSA, under federal law and are relying on the APA's waiver of sovereign immunity. The APA provides judicial review of agency action to parties seeking nonmonetary relief.[4] *See Rowe v. United States,* 633 F.2d 799, 801 (9th Cir.1980), *cert. denied,* 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981). Section 702 of the APA was amended in 1976 "to remove the defense of sovereign immunity as a bar to judicial review of federal administrative action" in a federal court. *B.K. Instrument, Inc. v. United States,* 715 F.2d 713, 724 (2d Cir. 1983).

■ The APA does not create an independent grant of jurisdiction to the federal courts. *See Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Nevertheless, federal jurisdiction could be grounded on 28 U.S.C. § 1331. *See Committee for Full Employment v. Blumenthal,* 606 F.2d 1062, 1065 n. 11 (D.C.Cir. 1979) ("Nothing in *Sanders* suggests that § 702 does not grant a cause of action to one suffering a legal wrong within the meaning of a relevant statute at the hands of an agency so long as there is an independent statutory basis for jurisdiction.")

■ Plaintiffs maintain that they request primarily equitable relief from the Court, and therefore that the waiver of sovereign immunity within the APA, coupled with the subject matter jurisdiction derived from the federal question statute, empowers the Court to review GSA's actions. The Tucker Act, however, limits District Court jurisdiction over APA claims. The Tucker Act is both a waiver of sovereign immunity and a grant of exclusive jurisdiction to the Claims Court to decide monetary claims, founded either upon an act of Congress or a contract with the United States, in excess of $10,000. *See Bedoni v. Navajo–Hopi Indian Relocation Comm.,* 854 F.2d 321, 325 (9th Cir. 1988). The APA's legislative history indicates that § 702's waiver of sovereign immunity may not be used "to circumvent the jurisdictional and remedial limitation of the Tucker Act." *Spectrum Leasing Corp. v. United States,* 764 F.2d 891, 893 (D.C.Cir. 1985).

■ Plaintiffs argue that not only are their claims not "founded upon" a contract, but that no contract even exists between the parties, thereby permitting relief in this court under the APA without violating the Tucker Act. Whether a claim is one "founded upon" a contract for purposes of the Tucker Act "depends both on the source of the rights upon which the plaintiff bases its claim, and upon the type of relief sought (or appropriate)." *Megapulse, Inc. v. Lewis,* 672 F.2d 959, 968 (D.C.Cir.1982).

Plaintiffs rely on the analysis in *Megapulse* to argue that this Court has jurisdiction. In *Megapulse,* however, the plaintiff's rights were prior to and independent of the contract with the Government, and any relief granted by the court would not have caused Government expenditures. *See Megapulse,* 672 F.2d at 969. Moreover, the court in *Megapulse* emphasized that a plaintiff should not be allowed to avoid Tucker Act jurisdiction by pleading under a separate statute. *See id.* at 967.[5]

■ Plaintiffs' case is more analogous to *Spectrum,* in which the plaintiff tried to

---

4. The APA states in part:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor re-lief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States.... 5 U.S.C. § 702.

5. Other statutes plaintiffs rely on are either inappropriate or do not confer independent subject matter jurisdiction on this Court.

base its claim on an independent statute, the Debt Collection Act, rather than on its contract with the Government. The Court of Appeals held that the contract, not the Debt Collection Act, created any right that plaintiff had to monies from the Government. *See Spectrum,* 764 F.2d at 894. Likewise, plaintiffs' claims here are grounded on the numerous individual ticket contracts between the airlines and the Government.[6] Each ticket represents a separate contract and any rights plaintiffs have to any form of relief flow originally from the existence or non-existence of the contracts. This determination, however, does not divest this court of jurisdiction.

■ This court has concurrent jurisdiction with the Claims Court over Tucker Act claims, unless the claim is one for monetary damages in excess of $10,000. Claims Court jurisdiction cannot be avoided merely by framing a complaint as one seeking declaratory or injunctive relief. *See Regan,* 745 F.2d at 1322. The label attached to the prayer for relief contained in the pleadings is not controlling; the true nature of the relief must be determined. *See Bedoni,* 854 F.2d at 325 n. 5. Although plaintiffs contend that they are requesting equitable relief from the Court, they also pray for "judgment ordering GSA to return to the plaintiffs all funds wrongfully withheld." (Complaint at 13.) Thus, regardless of what plaintiffs plead, if plaintiffs were to prevail on the merits of their claim, they would obtain monetary compensation from the Government. *See, e.g., Hoopa Valley Tribe v. United States,* 596 F.2d 435, 437, 219 Ct.Cl. 492 (1979) (finding no federal jurisdiction in action to obtain monies from the Treasury even though claim framed in equitable terms).

Plaintiffs also argue that the Court can assume jurisdiction even if a contract exists between the parties and even if the remedy is in the form of "money damages," because District Court jurisdiction exists for claims of less than $10,000.[7] Plaintiffs maintain that each ticket represents a single claim, none of which exceeds $10,000. Defendants, on the other hand, contend that the claims should be aggregated to total approximately $350,000, thereby depriving this court of jurisdiction.

The Court finds that each ticket represents a separate claim. The airline tickets are analogous to the 74 bills of lading in *U.S. v. Louisville & N.R.R. Co.* that the court found to be "separate and distinct claims." *See U.S. v. Louisville & N.R.R. Co.,* 221 F.2d 698, 701 (6th Cir.1955); *accord Baker v. United States,* 722 F.2d 517, 518 (9th Cir.1983) (holding that $10,000 limit not met "when plaintiffs combine a number of claims that are individually less than $10,000 but cumulatively exceed that amount"). Each ticket represents an independent contract between the government and an airline, and therefore each ticket represents an individual claim. The Government cannot escape this Court's jurisdiction by taking a lump sum offset that totals over $10,000 and then alleging that the claims should be aggregated. The plaintiffs' claim to relief rests on their entitlement to payment for tickets for which the Government has taken an administrative offset in lieu of payment. The Court finds that each of these tickets is a contract, but each is for less than the jurisdictional maximum of $10,000.

Therefore, this Court holds that although the plaintiffs claims are grounded on contracts, jurisdiction is proper in this Court

---

6. By relying on the Debt Collection Act, plaintiffs are impliedly recognizing the existence of a contract, since the Debt Collection Act confers no rights in the absence of a contract itself. *See Spectrum,* 764 F.2d at 894. This Act applies only to administrative offsets involving Government contracts. *See* 31 U.S.C. § 3716.

7. Under 28 U.S.C. § 1346(a)(2),
[t]he district courts shall have original jurisdiction, concurrent with the United States Claims Court, of ... [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort....
28 U.S.C. § 1346(a)(2).

because each contract is for less than $10,-000.