See also 118 F.3d 1315.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Clinton L. WATSON, Defendant–Appellant.**

No. 99–10406.

D.C. No. CR–94–20062–JW.

United States Court of Appeals, Ninth Circuit.

Submitted July 19, 2001.*

Decided Jan. 7, 2002.

Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**456**

MEMORANDUM **

Clinton Watson appeals *pro se* the district court's denial of his motion to quash a writ of execution. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Watson contends that the district court's denial of his motion to quash violated his due process rights. We review the denial of a motion to quash for abuse of discretion. *United States v. Chen*, 99 F.3d 1495, 1499 (9th Cir.1996).

Watson first contends that the property seized from his home cannot be used to satisfy the over $300,000 restitution ordered by the district court at Watson's 1996 sentencing. We disagree.

 Under the Victim Witness Protection Act ("VWPA"), 18 U.S.C. §§ 1512–1515 and 3663–3664, an order of restitution can be enforced by the government "in the manner provided for the collection and payment of fines in subchapter B of chapter 229 of [Title 18]." 18 U.S.C. § 3663(h)(1)(A). One of the provisions of subchapter B states that a fine is a lien "upon all property belonging to the person fined," which "arises at the time of the entry of the judgment and continues until the liability is satisfied." 18 U.S.C. § 3613(a); *accord United States v. Mills*, 991 F.2d 609, 612 (9th Cir.1993) ("[A] restitution order is enforceable as a lien upon all of the defendant's property at the time judgment is entered.")

Watson next contends that the district court should have stayed the writ of execution in order to resolve his claim concerning computer chips seized from Watson's home which allegedly became missing while in the care of the government. Watson, however, neither cites any authority to support his claim, nor sought any form

of declaratory relief concerning the seized property alleged to have been misplaced by the government.

Watson further contends that the government's erroneous reference to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), instead of the Sentencing Reform Act ("SRA"), violates the Ex Post Facto Clause. Watson previously raised this same contention in his counterclaim for declaratory relief before the district court in a separate action, and as the district court correctly concluded, a lien on all of Watson's property automatically arose in favor of the government under the SRA upon entry of the criminal judgment and order of restitution, despite the government's erroneous reference to the AEDPA. 18 U.S.C. § 3613(a).

 Watson then contends that the government improperly resorted to force by seeking payment of the restitution by writ of execution rather than by allowing payment in installments, and that he was entitled to notification of delinquency or notification of default. These contentions fail for the following reasons.

First, the district court's restitution order, as contained in the 1996 order of judgment, specifically states that payment is due "in full immediately," and once again a lien on all of Watson's property arose in favor of the government upon entry of the criminal judgment and order of restitution. 18 U.S.C. § 3613(a); *Mills*, 991 F.2d at 612. Furthermore, Watson was on constructive notice that the government was seeking to enforce the restitution order by the government's November 24, 1998 complaint for declaratory relief, in which it sought clarification from the district court as to the ownership of the two

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

seized vehicles, and to which Watson responded. *See Hammer v. Drago,* 940 F.2d 524, 526 (9th Cir.1991) ("A party's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer the complaint."); *United States v. Smith,* 944 F.2d 618, 622 (9th Cir.1991) (stating that due process is satisfied by affording the defendant an adequate opportunity to present his objections).

◼ Finally, Watson's contention that the district court lacked jurisdiction to enforce the government's lien on the two seized vehicles is without merit because the government provided evidence that clearly established that Watson owned the two seized vehicles.[1]

AFFIRMED.

**United States of America,**
**Plaintiff–Appellee,**

v.

**James Lee, aka Li Jin, Defendant–**
**Appellant.**

No. 00–16534, 00–16537.
D.C. No. CR 95–20142 JW
CV–99–21254–JW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Jan. 8, 2002.

1. Even assuming, without deciding, that Watson did not own the two seized vehicles, he would have lacked standing to raise any challenge or would have had to establish more than a conclusory claim of interest. *See United States v. $191,910.00 in U.S. Currency,* 16 F.3d 1051, 1058 (9th Cir.1994) ("[A] simple claim of ownership will be sufficient to challenge a forfeiture. Mere unexplained possession will not be sufficient."); *Baker v. United States,* 722 F.2d 517, 518–19 (9th Cir.1983).