**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

$290,000.00 IN UNITED STATES
CURRENCY, More or Less,

Defendant.

YVETTE DELGADILLO,

Claimant-Appellant.

No. 06-3329
(D.C. No. 04-CV-1118-JTM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Claimant-appellant Yvette Delgadillo appeals the district court's order

dismissing her claim to any portion of $290,000 seized by the United States

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(government) in a civil forfeiture action. The court dismissed her claim for lack of standing and entered a default judgment for the government. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

**Background**

On October 9, 2003, the claimant was driving a rental car in Kansas when she was stopped for a traffic violation. She told the trooper that on October 6 she flew from Seattle, Washington to Washington, D.C. to visit friends. Despite the fact that she had flown on a one-way ticket, she told the trooper that she developed a fear of flying during the flight and decided to drive back to Seattle. To that end, she rented a car at the airport sometime after midnight when she arrived in Washington, D.C.

According to her deposition testimony, her visit with friends took only a few hours during the morning of October 7, 2003, and she then left for home. When the trooper mentioned that she was nearly 200 miles south of the most direct route from Washington, D.C. to Seattle, she told him that she planned to visit more friends in Denver, Colorado, even though her rental contract stated the car was to be returned on October 9 in Seattle.

The claimant denied that she was carrying any guns, drugs, or large amounts of currency, but declined the trooper's request to search the car. The trooper then deployed his drug dog, who alerted him to the odor of narcotics in the car. A search of the trunk uncovered $290,000 in cash in a backpack, which

was banded in $5,000 bundles in vacuum-sealed plastic bags. The claimant then reversed her prior statement to the trooper that there were no large amounts of currency in the car.

The claimant followed the trooper to an office where the drug dog alerted him to the odor of narcotics on the currency itself. She told the trooper that she earned the money from selling herbs and giving massages, but refused to say who she received the money from in Washington, D.C. She told the trooper that no taxes had been paid on the money because she did not believe in paying taxes. She left the office after receiving the paperwork concerning the seizure.

The government filed a forfeiture complaint under 21 U.S.C. § 881 against the rem – $290,000. The claimant then filed a verified claim and answer in which she alleged in conclusory terms, "an ownership and/or a possessory interest in, and the right to exercise dominion and control over, all or part of the defendant property." Aplt. App. at 21.

Thereafter, the district court entered an order of partial default, which left the claimant as the only person or entity with a claim to the res. In response to written discovery, the claimant stated: "I picked up the funds in Washington, DC, from a third party. I do not know the address and telephone number of that person and I have no documentation regarding that event." Aplee. App. at 4. At her deposition, the claimant testified that she did not file a federal income tax return for 2000, and reported income on her tax returns of $3,679 in 2001,

$13,809 in 2002, and $5,628 in 2003. She further testified that she did not recall telling the trooper that she earned the money giving massages and selling herbs, but refused on Fifth Amendment grounds to answer essentially any questions concerning the $290,000. More specifically: (1) although she testified that she picked up something that belonged to her in Washington, D.C., she refused to say whether it was the money; (2) she refused to say what she put in her backpack in Washington, D.C.; and (3) she refused to say whether she owned the money. Instead, her claim to possession and/or ownership was based on testimony that she placed the money in her backpack on October 7, 2003, while she was in Washington, D.C.[1]

The government filed a motion to strike the claim on the grounds that the claimant failed to prove that she had a sufficient possessory and/or ownership interest in the res to establish standing. The district court agreed and in a thorough and well-reasoned memorandum and order, dismissed her claim. Because no other claims remained, the court later granted default judgment for the government.[2] This appeal followed.

_____

[1] The deposition transcript is inconsistent concerning whether the claimant put the money in her backpack. When asked whether she "place[d] anything in the backpack while [she was] in Washington, D.C.," Aplt. Supp. App. at 9, her lawyer instructed her not to answer on Fifth Amendment grounds. Later, she testified without objection, that she placed the heat-sealed plastic bags of money in her backpack while she was in Washington, D.C. *Id*. at 10.

[2] Although the claimant also appeals from the default judgment, she

(continued...)

-4-

**Analysis**

The issue of standing is a question of law that we review de novo on appeal. *Comm. to Save the Rio Hondo v. Lucero,* 102 F.3d 445, 447 (10th Cir. 1996). *See also United States v. 5 S 351 Tuthill Rd.*, 233 F.3d 1017, 1021 (7th Cir. 2000) (holding that standing to contest a civil forfeiture is a question of law that is reviewed de novo); *cf. United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001) (holding that a district court's decision that a party lacks standing to bring a motion under Fed. R. Crim. P. 41(e) for return of property is reviewed de novo).

The claimant bears the burden of proving standing to contest the forfeiture. *See United States v. $38,000 in U.S. Currency*, 816 F.2d 1538, 1543-44 n.12 (11th Cir. 1987) (holding that because a forfeiture action is brought against the rem and not the claimant, the claimant bears the burden of proving that "he has a legally cognizable interest in the property that will be injured if the property is forfeited to the government. It is this claim of injury that confers upon the claimant the requisite 'case or controversy' standing to contest the forfeiture.").

According to the claimant, the district court penalized her for asserting her Fifth Amendment rights when it held that if she had directly provided evidence of ownership and/or a colorable claim of possession, she would have established

[2](...continued)
effectively concedes that if the district court's order on the merits is upheld, the order for default was proper.

standing. She also claims that her hearsay statement to the trooper that she earned the money by selling herbs and giving massages proved either ownership or a sufficient possessory interest.[3] Last, she asserts that because she placed the money in a backpack that she owned, this establishes possession sufficient to confer standing. We disagree and affirm for substantially the same reasons set forth by the district court in its memorandum and order dated August 25, 2006.

First, "[t]he burden was on [the claimant] to prove that [s]he had standing, and [s]he could not avoid meeting this burden by claiming a Fifth Amendment privilege." *Mercado v. U.S. Customs Serv.*, 873 F.2d 641, 644 (2d Cir. 1989). Thus, although the claimant had a right to invoke the Fifth Amendment at her deposition, by doing so she failed to meet her burden to establish standing. Second, because of the "danger of false claims," something "more than conclusory or hearsay allegations of some 'interest' in the forfeited property" is required to prove standing. *Baker v. United States*, 722 F.2d 517, 519 (9th Cir. 1983); *Mercado*, 873 F.2d at 645 (same).

Last, although the claimant alleged in writing "an ownership and/or a possessory interest in, and the right to exercise dominion and control over, all or

---

[3] The claimant asserts that she testified that she told the trooper that she "owne[d] . . . the funds and had obtained them from her employment." Aplt. Br. at 7. To the contrary, she testified that she could not recall telling the trooper that she earned the money selling herbs and giving massages. More to the point, at her deposition, she refused to say whether the money belonged to her, say whether or how it was earned, or answer any other questions regarding possession.

part of the defendant property," Aplt. App. at 21, she refused to say at her deposition whether she was the owner of the money. Therefore, the district court correctly held that ownership could not form the basis for standing. As to possession, she failed to establish anything more than naked possession, which does not constitute a sufficient possessory interest to confer standing. In a case with similar facts, the Fifth Circuit held that "[u]nexplained naked possession of a cash hoard . . . does not rise to the level of the possessory interest requisite for standing to attack [a] forfeiture proceeding." *United States v. $321,470, U.S. Currency*, 874 F.2d 298, 304 (5th Cir. 1989). The Sixth Circuit has likewise held that unexplained naked possession of money is insufficient to confer standing. *See United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 498 (6th Cir. 1998) (holding that although a property interest less than ownership, such as an assignment or bailment may be sufficient to confer standing, "naked possession" claims are not sufficient without "some explanation or contextual information regarding the claimant's relationship to the seized property").

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

-7-